**People of the State of Illinois, Appellee, v. Norbert Derengowski, Impleaded, Appellant.**

Gen. No. 65–21.

Third District.

January 20, 1966.

Richard H. Devine, of Chicago, for appellant.

William G. Clark, Attorney General, of Springfield (Richard Stengel, State's Attorney, of Rock Island, and Peter C. Fieweger, Assistant State's Attorney, of counsel), for appellee.

STOUDER, J.

Defendant, Norbert Derengowski, and two others were indicted by the grand jury of Rock Island County for the crime of armed robbery. All three were tried together, found guilty by the jury, the defendant appealing from the conviction and sentence of the Circuit Court of Rock Island County.

Appellant contends that the Court below committed error in failing to order production of grand jury minutes and that the verdict of the jury was improper since it was based on doubtful and uncertain identification of the accused.

Prior to arraignment, defendant moved for the production of statements including the minutes of the testimony of witnesses appearing before the grand jury. The motion as to such minutes was denied by the Trial Court it appearing from the hearing on said motion that no minutes of such testimony before the grand jury had been taken.

■ In arguing that the minutes of the grand jury should have been produced Appellant relies on People v. Johnson, 31 Ill2d 602, 203 NE2d 399, which holds that statements of a witness before the grand jury should be equally available to the people and to the accused. However the Johnson case deals with statements which are admittedly in existence. Neither the Johnson case nor any other authority we have examined require that testimony of witnesses appearing before the grand jury be transcribed. Chapter 38 Illinois Revised Statutes, Section 112–6, Subsection (a) provides ". . . If no reporter is assigned by the State's Attorney to attend the sessions of the grand jury, the Court, on petition of the foreman and 11 other grand jurors, may for good cause appoint such reporter." Since reporting of testimony before the grand jury is not required and since such minutes were not in fact taken we find no merit in Appellant's contention that the court erred in failing to order the production of such minutes.

In considering Appellant's next contention, that the evidence of identification of the accused was too vague and doubtful to support the verdict of the jury it is necessary to summarize the testimony of Donald Ralph Binning, the sole identification witness.

Binning was the manager of the Geifman's Food Store, Rock Island, Illinois. On April 4, 1964 Binning arrived at the store, relocked the door after he entered then opened the safe and commenced counting out cash for the five cash registers. At about 7:15 a. m. Zeigler, the produce manager, arrived at the store and Binning went to the "out" door, usually used by patrons leaving the store, and unlocked the same to admit Zeigler. As Zeigler was entering, the telephone rang and Binning removed his key from the door without locking it and went to answer the telephone which was located on the wall near the manager's office, approximately 10 to 13 feet from the "out" door. After answering the phone Binning laid the receiver down and started back to the door to lock it at which time he saw three men at the door. The first man pushed a button on the outside which automatically opened the door and the three men entered the store. The first man had a gun and admonished Binning not to do anything and he would not get hurt, Binning replied that the safe was already open. Binning observed that the second man was carrying a suitcase and that the third man, later identified as appellant, stayed near the door on the inside turning around partly to observe the outside of the building. The first man spun Binning around by placing his hand on his shoulder and when Binning started to pick up the phone and put it back on the hook, the phone was replaced by the first man. Binning was then marched past the cash registers to the safe and was ordered to lie down on the floor. After Binning was spun around he did not observe any of the three persons. Zeigler had gone to the rear of the store and although he observed Binning lying on the floor, with the first man standing over him with a gun, he did not see either of the other persons.

After the robbery, police arrived and Binning gave descriptions of the three men to the police officers describ-

ing their general physical appearance which did not include any particular identifying features. Although Binning testified that his attention was primarily directed to the first man with the gun he testified he observed all three men facing directly towards him and had a good look at appellant, although for a brief time, before he turned partly around facing the outside.

Approximately three to ten days after the robbery, Binning was shown a series of twelve photographs by the police and from these photographs he identified the three men. At this time he was informed of the names of the persons involved. He also later identified appellant at a police line up although at the line up appellant identified himself by name at which time Binning confirmed his identification of Appellant. On the Sunday before the trial Binning was interviewed by Assistant State's Attorney Boeye in the courtroom at which time he was again shown the photographs and reasserted his identification thereof. Appellant did not testify in his own behalf.

██ It is the well established law of this state that the burden rests upon the people not only to prove the commission of the crime beyond a reasonable doubt, but also to prove by the same measure of evidence that it was committed by the person or persons accused, and a conviction cannot be said to be sustained by the evidence beyond a reasonable doubt where the testimony of the witnesses shows that their identification of the defendant was doubtful, vague and uncertain. People v. Fiorita, 339 Ill 78, 170 NE 690. It is also equally well settled that the positive identification by one witness who has ample opportunity for observation may be enough to support a conviction. People v. Lamphear, 6 Ill2d 346, 128 NE2d 892.

██ In considering appellant's assertion that the identification was vague and doubtful we have examined the record and can only conclude that the sole identifi-

cation witness, Binning, had ample opportunity to observe appellant and that although such observation was made during a relatively short time the witness had a clear view of appellant. The witness positively identified appellant from a series of pictures a few days later, at a line up and at the trial. While the manner of conducting the line up might tend to decrease the value of this evidence in the eyes of the jury, nevertheless we believe that this was a matter of credibility and properly for the jury. We find nothing in the record from which it can be concluded that the identification evidence is inherently unreasonable or improbable.

Finding no error in the judgment of the Circuit Court of Rock Island County the judgment is affirmed.

Judgment affirmed.

CORYN, P. J. and ALLOY, J., concur.