(No. 39272.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
JAMES HENDERSON *et al.,* Appellants.

*Opinion filed May 18, 1967.—Rehearing denied September 27, 1967.*

WARD, J., took no part.

FREDERIC S. LANE, of Chicago, appointed by the court, for appellant LeRoy Mitchell, Jr.

GERALD W. GETTY, Public Defendant, of Chicago, (JOHN J. VAN ZEYL and JAMES J. DOHERTY, of counsel,) for other appellants.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and ELDRIDGE HERSEY, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

In a joint trial in the circuit court of Cook County a jury found defendants James Henderson, John Adams and LeRoy Mitchell, Jr. guilty of murder. Each was sentenced to the penitentiary for a term of 35 to 70 years. A constitutional question gives us jurisdiction of the appeal.

These defendants were convicted of the murder of John Fatigato, a shoe-store operator, on December 22, 1962. The operator of an adjoining store testified that on that date defendants came into his store and had a conversation concerning how they were going to get some money from the shoe-store operator. Each defendant made a statement admitting his part in the crime, and then all joined in a statement which encompassed the separate statements. According to the statements, Henderson and Mitchell went into the shoe store and asked the owner about a pair of shoes. Henderson grabbed Fatigato, Mitchell locked the front door, and they then carried the victim to the back part of the store and threw him on a bed. Henderson hit him twice on the head with his fist and tied his mouth with a rag. Mitchell then went next door and got Adams. Adams helped hold Fatigato while Mitchell tore or cut the cord off the telephone and tied his legs and hands. After they had

ransacked the store and living quarters in back taking some money and other items, the defendants left. John Fatigato died of cerebral injuries associated with asphyxiation.

The sole contention of defendants Henderson and Adams is that confessions were admitted into evidence in violation of their constitutional rights. Specifically, they argue that they were not represented by counsel and were not advised of their right to counsel and to remain silent at the time they made their confession. Defendant Mitchell joins in this contention, but also urges other grounds for reversal.

In support of their argument that their constitutional rights were violated defendants contend that *Miranda* v. *Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, and *Escobedo* v. *Illinois,* 378 U.S. 478, 12 L. Ed. 2d 977, 84 S. Ct. 1758, compel a reversal, and that *People* v. *Hartgraves,* 31 Ill.2d 375, should be overruled. Following the decision in *Johnson* v. *New Jersey,* 384 U.S. 719, 16 L. Ed. 2d 882, 86 S. Ct. 1772, we have repeatedly held that the guidelines of *Miranda* and the holding of *Escobedo* are not to be applied retroactively to cases wherein trials were commenced prior to June 13, 1966, and June 22, 1964, the dates these decisions were announced, respectively. (See *People* v. *Myers,* 35 Ill.2d 311, and cases cited therein.) Defendants' trial commenced December 5, 1963, therefore *Miranda* and *Escobedo* are not applicable. Admission of the confessions into evidence was not improper since they were not involuntary within the meaning of *Hartgraves, People* v. *Kees,* 32 Ill.2d 299, and cases following them.

Defendant Mitchell contends that he did not understand the implication of his confession and therefore it should not have been admitted into evidence. He cites *People* v. *Schwartz,* 3 Ill.2d 520, as authority. In *Schwartz,* a 16-year-old defendant testified that he did not know what he was answering because he did not understand certain terms used in the questions and because questions were being

thrown at him too fast, thereby confusing him. He further testified that the policeman who induced him to make the confession promised him leniency and to help him realize his ambition to join the Navy. In reversing the conviction the court relied on defendant's testimony concerning his lack of understanding of the questions and answers, his confusion and the promise of leniency or reward. Defendant Mitchell does not say that he did not understand the questions or that he was confused or that he was promised leniency. He testified (and this was disputed by the State's witness) that he was told he could go home if he signed a statement. He now argues that he did not understand that he could be found guilty of murder if he admitted his participation in the assault and theft even though he did not strike or gag the victim, and therefore his confession should be suppressed as not having been voluntarily and understandingly made. The facts in the *Schwartz* case are significantly different from the situation here. The mere fact that Mitchell may not have fully realized the implications of his acts as admitted is not sufficient to compel suppression of the confession as having been made involuntarily.

Mitchell's final contention concerns the failure of the trial court to grant his petition for severance and the instructions to the jury pertaining to the use of confessions in a joint trial. He argues that his petition for severance should have been granted for the reason that implicating statements made by co-defendants that were admitted into evidence resulted in antagonistic defenses.

It is a general rule that persons jointly indicted for the commission of a crime may be tried together, and whether a severance should be granted is largely within the sound discretion of the trial court. The primary question is whether the defenses of the several defendants are so antagonistic that a fair trial can be assured only by a severance. *People v. Connolly*, 33 Ill.2d 128; *People v. Wilson*, 29 Ill.2d 82.

There is no showing here that the defenses were antago-

nistic. At the trial each defendant denied his presence at the scene of the crime. None of the co-defendants implicated the other in order to present a defense for themselves. Rather, each admitted his part in the crime separately and, later, in their joint statement, affirmed what had been included in the individual statements. An incriminating statement of a third person which is admitted to be true by the accused, is admissible in evidence against him as his own statement by adoption. (*People* v. *Hanson,* 31 Ill.2d 31.) The rationale of *Hanson* is applicable here. Although Mitchell did not specifically adopt the statements of his co-defendants as his own, by making the joint statement he admitted all that was included in the separate statements. There is nothing in the record to show that Mitchell was in any way prejudiced in being compelled to stand trial jointly with his co-defendants. Refusal by the trial court to grant a severance was not error.

In considering Mitchell's final contention that the trial court should have instructed the jury that statements made by one defendant could not be considered as evidence against any other, it must be noted that we have found that Mitchell, in effect, adopted the statements of his co-defendants, therefore making them admissible against him. As a further precaution the trial court deleted all implicating references to Mitchell when admitting the statements of the other defendants into evidence. Under these circumstances, we cannot say that the trial court erred in instructing the jury.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. Justice Ward took no part in the consideration or decision of this case.