(No. 39438.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JAMES COLLINS, Appellant.

*Opinion filed March 28, 1968.*

WARD, J., took no part.

DANIEL C. MCKARY, of Chicago, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and OLIVER D. FERGUSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Petitioner, James Collins, filed a *pro se* petition under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1965, chap. 38, par. 122—1 *et seq.*) asserting that in a bench trial before the circuit court of Cook County which resulted in his conviction of forcible rape, his rights guaranteed by the 5th, 6th and 14th amendments of the Federal constitution and by sections 2 and 9 of article II of the Illinois constitution were violated, and he requested a hearing on the merits of these allegations. The petition was dismissed on the State's motion and it is from this order of dismissal that petitioner appeals.

Petitioner alleged that his direct appeal from the conviction was affirmed by this court in 25 Ill.2d 605, that *certiorari* was denied by the United States Supreme Court, that his petition for *habeas corpus* in the United States District Court was denied and appeal therefrom was denied in the United States Circuit Court of Appeals, 7th Circuit, and that *certiorari* was also denied by the United States Supreme Court. He contends that these previous proceedings did not resolve "the issues and facts presented" in the instant cause, *i.e.*, (1) that his confession and exculpatory statements were inadmissible and his motion to suppress should have been allowed, (2) that the defense by the court-appointed public defender, who was incompetent, uninterested, and lacking in professional knowledge, amounted

to no representation at all, and (3) that the State knowingly suppressed vital evidence concerning the medical examination of the complaining witness. The State's motion to dismiss the petition was based upon the claim of *res judicata* in that it failed to present constitutional issues other than those raised or that could have been raised in the previous appeal. 25 Ill.2d 605.

There is no need to delineate additional facts since the sole issue before the court is whether petitioner is entitled to an evidentiary hearing on the basis of the allegations in his petition. The gist of petitioner's arguments cited in support of his ultimate contention that he should be given a hearing on the merits is that the substantive provisions of the Post-Conviction Hearing Act are not served by procedural dismissals applying the principles of *res judicata* where, as here, he raises constitutional issues in conformity with the requirements of section 122—2 of the Act. (Ill. Rev. Stat. 1965, chap. 38, par. 122—2.) Petitioner also contends that he was not given adequate representation by his appointed counsel at the post-conviction proceedings.

Dismissal of nonmeritorious petitions on motion is certainly within contemplation of the Act (see *People* v. *Cox*, 34 Ill.2d 66), and necessary to the orderly and expeditious disposition of these petitions. "The function of the pleadings in a proceeding under the act [Post-Conviction Hearing Act] is to determine whether the petitioner is entitled to a hearing" (*People* v. *Airmers*, 34 Ill.2d 222), and "a post-conviction proceeding * * * is a new proceeding for purposes of inquiry into the constitutional phases of the original conviction which have not already been adjudicated." *People* v. *Ashley*, 34 Ill.2d 402.

With reference to the specific allegations that petitioner contends entitle him to an evidentiary hearing, we find that the issue of the admissibility of his confession was raised on his original writ of error and is therefore *res judicata*. (*People* v. *Clements*, 38 Ill.2d 213; *People* v. *Jennings*, 411

Ill. 21.) The petitioner did not raise the issue of the competency of his trial counsel in that appeal, thereby waiving it, and he cannot now use the Post-Conviction Hearing Act as a device to obtain another hearing upon such constitutional claims. (*People v. Ashley; People v. Armes,* 37 Ill.2d 457; *People v. Hamby,* 32 Ill.2d 291; *Ciucci v. People,* 21 Ill.2d 81; *People v. Dolgin,* 6 Ill.2d 109.) As to petitioner's contention that the State has suppressed evidence favorable to his defense, we note that not only did he fail to raise this issue on previous appeal but his allegation is unsupported by affidavit or other proof outside of his conclusionary statement, as required by section 122—2 of the Act, and is therefore insufficient to require a plenary hearing as to this contention. *People v. Reeves,* 412 Ill. 555; see also *People v. Ashley.*

Finally, petitioner argues that the hearing on his petition "would appear to be, at best, a preliminary hearing", because "no witnesses were called, no documents reviewed, no affidavits taken or subpoenaes issued". He claims that court-appointed counsel merely read from the petition, the State's Attorney read from the published opinion (25 Ill.2d 605) and the trial court sustained the motion "without opinion". Therefore, petitioner argues, he did not have adequate legal representation "as that term is understood in our adversary proceedings." Where an examination of the pleadings discloses that further proceedings are unwarranted, the court is not required to perform a futile function.

Petitioner's court-appointed counsel performed his services as adequately as the proceedings would allow. We hold that the circuit court dismissal was proper and the order is affirmed.

*Order affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.