342

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
MARTIN HENDERSON, Appellant.

*Opinion filed March 28, 1968.*

WARD, J., took no part.

FRANK CICERO, JR., of Chicago, (KIRKLAND, ELLIS,
HODSON, CHAPPETZ & MASTERS, of counsel,) appointed by
the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield,
and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED
G. LEACH, Assistant Attorney General, and ELMER C. KIS-
SANE and DAVID B. SELIG, Assistant State's Attorneys, of
counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the
court:

After a trial before a jury the defendant, Martin
Henderson, was convicted on March 20, 1964, of unlawful
possession of narcotic drugs, and sentenced to imprison-
ment in the penitentiary for not less than six nor more than
eight years. On appeal to this court he was represented by
the retained attorney who had represented him in the trial
court. His contention that the trial court had erred in deny-

ing his motion to suppress certain evidence allegedly obtained by an illegal search and seizure was rejected, and the judgment of conviction was affirmed. 33 Ill.2d 225.

Thereafter the defendant filed a post-conviction petition in which he alleged that he was "under duress and fear from police slappings and kickings around when certain evidence was seized, denying the defendant due process of law and violation (sic) of his rights" under the Federal and State constitutions. The petition was dismissed upon the State's motion, and the defendant has again appealed to this court.

The circumstances of the defendant's flight from the officers, his resistance to arrest, the recovery of a packet containing heroin which he threw away as the police officers approached him and the discovery of heroin and marijuana during the search of his apartment were fully stated in our former opinion. Upon the present appeal the defendant disregards entirely the heroin that was admitted in evidence upon the testimony of the police officers that the defendant had thrown it away as he fled when the officers approached. He asserts, however, that the heroin and marijuana found in his apartment were received in evidence in violation of his constitutional rights.

He now contends that the State did not establish that his consent to the search of the apartment was the result of an intelligent and knowing determination to forego his constitutional right not to consent. This contention is based upon the fact that there is no proof either that the defendant was informed of his right to demand that a search warrant be obtained before his apartment was searched, or that he was specifically asked to consent to a search without a warrant. He also contends that his fifth-amendment rights were violated because the police officers failed to warn him of his right to remain silent before they accepted his statement of apparent consent to a search, and that "his sixth amendment rights were violated when his 'consent' to a search was extracted before he was advised of his right to

counsel." For these reasons, he argues, his consent was without legal significance.

It is the position of the State that the decision of this court in 33 Ill.2d 225 is *res judicata* as to all aspects of the defendant's consent to the search of the apartment, while the defendant contends that the issues now raised as to the voluntariness of his consent were neither presented nor determined in that case.

In our opinion the circuit court properly held that the defendant's present contentions are barred. On the defendant's direct appeal he attacked the judgment on the ground that his rights under the fourth amendment had been violated because the testimony of the police officers concerning his consent to the search of the apartment was "improbable, unconvincing and contrary to human experience." He also contended that his statement, "Go ahead, but I am not going up there with you.", which was made in response to a police officer's question, "O.K. if we search?", did not "constitute a waiver of his rights guaranteed by the 4th Amendment to the Federal Constitution." The basic ground upon which the defendant now attacks the validity of the judgment is the same—that the search of the apartment violated his constitutional rights. The facts before us now are the identical facts upon which his earlier claim was based.

In *Sanders* v. *United States*, 373 U.S. 1, 10 L. Ed. 2d 148, 83 S. Ct. 1068, the Supreme Court of the United States considered the method of dealing with successive applications for collateral relief from judgments of conviction in the Federal courts. While that problem is not exactly the same as the one now before us, the views there expressed are instructive. The court stated that controlling effect could be given to an earlier denial of relief "only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits

of the subsequent application. (1) By 'ground,' we mean simply a sufficient legal basis for granting the relief sought by the applicant. For example, the contention that an involuntary confession was admitted in evidence against him is a distinct ground for federal collateral relief. But a claim of involuntary confession predicated on alleged psychological coercion does not raise a different 'ground' than does one predicated on alleged physical coercion. In other words, identical grounds may often be proved by different factual allegations. So also, identical grounds may often be supported by different legal arguments, * * * or be couched in different language, * * * or vary in immaterial respects * * *." 373 U.S. at 15, 16; 10 L. Ed. 2d at 161-2.

If these Federal criteria are applied in the present case the judgment must be affirmed. No new facts have been alleged, and the constitutional ground upon which the defendant now seeks relief is basically the same ground advanced in his earlier appeal. That appeal was disposed of on the merits. It cannot now be said that "the ends of justice" would be served by permitting a redetermination of that ground, for the arguments advanced by the defendant do not even remotely bear upon his guilt or innocence.

Our own decisions under the Post-Conviction Hearing Act have relaxed the application of the doctrine of *res judicata,* "when fundamental fairness so requires." (*People* v. *Polansky,* 39 Ill.2d 84; *People* v. *Keagle,* 37 Ill.2d 96; *People* v. *Hamby,* 32 Ill.2d 291; *People* v. *Sprinkle,* 27 Ill.2d 398.) Again, however, there is no unfairness in a determination that the defendant's present claim is barred.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.