(No. 41115.-

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JACK KAMSLER, Appellant.

*Opinion filed September 24, 1968.*

WARD, J., took no part.

JACK KAMSLER, *pro se.*

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, ELMER C. KISSANE and JAMES R. TRUSCHKE, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

The defendant, Jack Kamsler, was tried by a jury in the circuit court of Cook County and convicted of the crime of theft for which he was sentenced to the penitentiary for a term of not less than two nor more than six years. The conviction was affirmed by the appellate court in *People* v. *Kamsler,* 78 Ill. App. 2d 349. A post-conviction petition was denied without an evidentiary hearing, and defendant brings this appeal. Petitioner sought a post-conviction hearing *pro se,* expressly stating that he did not desire court-appointed counsel. The post-conviction petition alleged the conclusion that the trial was reduced to a sham setting forth statements of various alleged trial errors. The petition also stated that the statute on which the indictment is based is unconstitutional.

.On this appeal petitioner contends that (1) the statute under which he was indicted is unconstitutional, (2) even if the statute could be held constitutional, the indictments are void because of *laches,* (3) constitutional rights can never be waived and a ruling violating such right can never be considered *res judicata,* (4) no felony was committed, (5) the wrong charge was brought, if any charge could be brought, (6) his constitutional rights under the fourth and fourteenth amendments to the United States constitution were violated, and (7) that a post-conviction hearing was not properly held and his petition was unconstitutionally dismissed.

Despite defendant's contentions it has been uniformly held that where an appeal is taken from a conviction the judgment of the reviewing court is *res judicata* as to all issues actually raised and those that could have been presented, but were not, are deemed waived. *People* v. *Kamsler,* 39 Ill.2d 73; *People* v. *Armes,* 37 Ill.2d 457.

We have carefully examined defendant's post-conviction petition and we agree with the trial court that it fails to properly raise any question of constitutional dimension

that was not rendered *res judicata* by the prior appeal from his conviction.

Defendant's argument against the constitutionality of the statute under which he was indicted was substantially the same as that addressed to the appellate court on his prior appeal and decided adversely to him. (*People* v. *Kamsler,* 78 Ill. App. 2d 349.) His argument that the indictment was void because of *laches* was never presented to the trial court, or on appeal, and is therefore waived. *People* v. *Irwin,* 32 Ill.2d 441.

The other allegations of the petition are either devoid of substance or were adjudicated by the appellate court in *People* v. *Kamsler,* 78 Ill. App. 2d 349. We therefore conclude that the trial court properly dismissed the petition for post-conviction hearing for failure to contain nonadjudicated allegations of a deprivation of defendant's constitutional rights.

Attached to defendant's petition for a post-conviction hearing is a petition for writ of *habeas corpus ad testificandum* in which the defendant requested the trial court to issue such writ to the warden of Statesville to have the defendant transferred to the Cook County jail so that he may be ready to appear in his own defense at the post-conviction. hearing and send out subpoenas that are needed. Since we have concluded that the petition was insufficient on its face, there can be no error in denying petitioner the right to testify or produce witnesses in support thereof.

The trial court correctly ruled that the petition did not allege facts sufficient to require a hearing and the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.