**UNITED STATES of America ex rel. John ADAMS, Petitioner-Appellant,**

v.

**Frank J. PATE, Warden, Illinois State Penitentiary, Joliet, Illinois, Respondent-Appellee.**

**No. 16796.**

United States Court of Appeals Seventh Circuit.

Nov. 5, 1969.

Russell J. Hoover, Chicago, Ill., John Adams, pro se, for petitioner-appellant.

William J. Scott, Atty. Gen. of Illinois, Chicago, Ill., for respondent-appellee; John J. O'Toole, Robert F. Nix, Asst. Attys. Gen., Chicago, Ill., of counsel.

Before DUFFY, Senior Circuit Judge, and FAIRCHILD and CUMMINGS, Circuit Judges.

FAIRCHILD, Circuit Judge.

John Adams is in an Illinois penitentiary pursuant to conviction and sentence for murder. He petitioned the federal district court for habeas corpus, assert-ing that a confession which was used against him was not voluntarily given. His petition was denied for failure to have exhausted state remedies.

Adams and his co-defendants appealed from their convictions to the Supreme Court of Illinois.[1] The opinion refers only to claims that he was not represented by counsel when questioned and not advised of his right to counsel and to remain silent. The state high court rejected these claims, pointing out that Adams could not rely on Miranda v. Arizona[2] nor Escobedo v. Illinois[3] because Adams' trial occurred before those decisions.[4] The confession was in the form of questions and answers, taken down and transcribed by a court reporter, with an assistant state's attorney asking the questions. Adams and his alleged accomplices had been arrested on the basis of information that they had committed this particular crime. Apparently the attorney and reporter were called into the police station during the course of interrogation by police officers following the arrest. None of these facts, we think, made the interrogation a critical stage of the proceeding such that, before Miranda, counsel was required unless intelligently waived. Petitioner relies on decisions holding that arraignment is such critical stage.[5]

The instant petition to the district court, however, asserts more than failure to provide counsel and give Miranda warnings. Adams alleged that he was arrested at home at 12:30 a. m., accused of murder, questioned at length by officers and later an assistant state's attorney, taken from one station to another, not taken before a magistrate; that he told the officers he could not read and write and had not gone beyond second

1. People v. Henderson (1967), 37 Ill.2d 489, 229 N.E.2d 519, cert. den. Adams v. Illinois, 389 U.S. 943, 88 S.Ct. 305, 19 L.Ed.2d 297.

2. (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

3. (1964), 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977.

4. Johnson v. New Jersey (1966), 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882.

5. Hamilton v. Alabama (1961), 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114; White v. Maryland (1963), 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193.

grade in school; that when he was asked to sign, he was told "Do you want to go home? Sign here." He alleged that under the totality of the circumstances he was subjected to psychological coercion and his confession was not his free choice.

The district court ordered the state to show cause. The return asserted that the present claim went substantially beyond the claim made on appeal and that the Illinois post-conviction procedure was available but unused.

After examining the state court opinion, without further information before him, the district judge quite properly decided that the state remedies had not been exhausted with respect to the expanded claim and the petition must be denied.

Mr. Adams, however, presented a motion in response to the state's return. The motion was filed with the clerk the day before the judge filed his opinion, but unfortunately did not come to his attention until later. The judge treated it as a motion to vacate, and denied it by a later order.

Among other things in the motion, Adams stated that the allegations of the circumstances surrounding his confession were "all matters which were a part of his case as presented to the Illinois Supreme Court. (See Appellant's Brief on file in the Illinois Supreme Court.)"

Adams' counsel on the present appeal, appointed by this court, asserts that an abstract of record which was before the Supreme Court of Illinois did indeed include the circumstances now relied on. Counsel has quoted portions of the brief on the state appeal which refer to decisions considering the totality of circumstances in order to determine voluntariness.

We do not have the entire brief before us, nor do we have the state's brief. We are unable to say, on the basis of the quotations offered, that Adams' present claim of coercion was so squarely and appropriately presented that the Supreme Court of Illinois must be deemed to have considered it on its merits and rejected it, but without mention in the opinion.

If Adams had not filed his motion, claiming that his brief on the state appeal would disclose that all his allegations had been presented to the state supreme court, the decision of the district court would be affirmed.

Under the circumstances, however, we deem it appropriate to vacate the denial and remand the matter to the district court. The district court should require the respondent to produce all documents, or copies thereof, which were before the state supreme court. The district court will then be in a position to determine whether the state supreme court must be deemed to have denied appellant's present claim upon its federal merits.

If the state's highest court has ruled on the federal question on direct review of the conviction, the petitioner is not required to present the same claim in a post-conviction proceeding as well.[6]

The judgment appealed from is vacated and the cause remanded for further proceedings consistent with this opinion.

Russell J. Hoover, a member of the Chicago bar, has ably and vigorously represented petitioner as appointed counsel. This court is grateful for his services.

6. United States ex rel. Crump v. Sain (7th Cir. 1959), 264 F.2d 424, 426.