(No. 41775.—⬛)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
NORBERT DERENGOWSKI, Appellant.

*Opinion filed January 21, 1970.—Rehearing denied March 23, 1970.*

SCHAEFER, J., concurring.

CRIST PANOUSIS, of Rock Island, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and JAMES N. DE WULF, State's Attorney, of Rock Island, (FRED G. LEACH, Assistant Attorney General, and ROBERT C. SHEARER, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE CULBERTSON delivered the opinion of the court:

On March 18, 1968, approximately two years after his conviction of armed robbery had been affirmed by the appellate court (67 Ill. App. 2d 66), Norbert Derengowski, hereinafter referred to as defendant, filed a post-conviction petition in the circuit court of Rock Island County asserting that his constitutional rights had been violated on the occasion of his original jury trial in that county. The public defender was appointed to represent defendant and filed a motion for an evidentiary hearing; however, on motion of the State, relief under the petition was denied without an evidentiary hearing and this appeal by defendant has followed.

In substance the petition alleged the following, all of which, in a highly conclusory fashion, are represented as having resulted in violations of defendant's constitutional rights: (1) that the indictment returned against defendant did not comply with the appropriate statutes and was fatally defective; (2) that the trial court wrongfully refused to order that defendant be furnished with a copy of the minutes of the grand jury and with copies of any "inter-office communications" relating to defendant and his co-defendants; (3) that the trial judge invaded the province of the jury by ruling that an exhibit proffered by the defense was not impeaching; (4) that the failure of the trial

reporter to include the oral arguments in the report of proceedings made it impossible for defendant to obtain a fair or complete review of his conviction; (5) that the prosecutor made improper arguments to the jury; (6) that improper jury instructions were given; (7) that defendant was prejudiced when a witness made a reference to a "previous hold-up", and (8) that defendant was deprived of due process of law when he was compelled to participate in a line-up of prisoners without having benefit of the presence of counsel.

Appended to the petition as exhibits were various excerpts from the common-law record, and it also appears that the entire record and report of proceedings was before the court when it considered the post-conviction petition. The order denying relief, generally speaking, found either that the allegations of the petition raised no constitutional questions, or that the grounds sought to be raised were either *res judicata* or had been waived as the result of the appeal to the appellate court.

We are first met by defendant's contention that the court erred in failing to require an evidentiary hearing and we find it to be without merit. A proceeding under the Post-Conviction Hearing Act "is a new proceeding for purposes of inquiring into the constitutional phases of the original conviction which have not already been adjudicated" (*People* v. *Ashley,* 34 Ill.2d 402), and the function of the pleadings "is to determine whether petitioner is entitled to a hearing." (*People* v. *Airmers,* 34 Ill.2d 222.) It has been held that the dismissal of nonmeritorious petitions is undeniably within contemplation of the Act (*People* v. *Collins,* 39 Ill.2d 286), and, in language that is singularly applicable here, we observed in *People* v. *Morris,* 43 Ill.2d 124, 128, that an evidentiary hearing is not always necessary "since the circuit court, upon a motion to dismiss a post-conviction petition, may render its decision on the basis of what is

contained in the pleading to which the motion is directed, considered with the transcript of trial or other proceedings." Measuring by this standard, and also taking into consideration the opinion of the appellate court when defendant's conviction was reviewed, it is our opinion the trial court properly concluded that an evidentiary hearing was unnecessary.

The remedy under the Post-Conviction Hearing Act is limited to constitutional issues and does not provide an opportunity for redetermination of the guilt or innocence of a defendant. (*People* v. *Orndoff,* 39 Ill.2d 96.) Furthermore, it is not within the view of the Act to have claims determined which could have been presented upon a direct review of the conviction (*People* v. *Doherty,* 36 Ill.2d 286), and to this end we have consistently held that when an appeal is taken, as it was in this case, the judgment of the reviewing court is *res judicata* not only as to all issues actually raised, but also as to those issues which could have been raised but were not, the latter issues being deemed to have been waived. (*People* v. *Kamsler,* 40 Ill.2d 532; *People* v. *Armes,* 37 Ill.2d 457.) Only where required by fundamental fairness will the rule of waiver be relaxed. (*People* v. *Hamby,* 32 Ill.2d 291.) And while we entertain doubt that the majority of the allegations of the petition in the instant case give rise to issues of constitutional dimension, it is in our opinion sufficient to say that, with one exception, the issues sought to be raised were rendered *res judicata* by the prior appeal.

Defendant contended in the appellate court, as he alleges in his petition, that the trial court erred in failing to order the production of grand jury minutes. This contention, however, was decided adversely to defendant with a finding that the record disclosed that no minutes of the testimony before the grand jury had in fact been taken (67 Ill. App. 2d 66, 68,) and such finding is a bar to the effort of de-

fendant to relitigate the issue in this post-conviction proceeding. It is true that the remainder of the issues sought to be raised in the petition were not raised or determined in the prior appeal. But all of such issues, again with one exception, were issues which could have been raised and determined from the record presented to the appellate court for review. No reason of fundamental fairness suggests itself as to why the rule of waiver should not apply to such issues, and we hold that it does.

The excepted issue, which was not encompassed in the record before the appellate court, is the allegation of the petition that defendant was deprived of due process of law because he was required to participate in a line-up of prisoners without the presence or advice of counsel. Our nation's highest court has indeed held in *United States* v. *Wade* (1967), 388 U.S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926, and *Gilbert* v. *California* (1967), 388 U.S. 263, 18 L. Ed. 2d 1178, 87 S. Ct. 1951, that the constitution gives an accused the right to the presence of counsel at pretrial confrontations for identification. These holdings, however, can be of little aid to defendant, whose pretrial confrontation occurred in 1964, inasmuch as it was subsequently decided in *Stovall* v. *Denno* (1967), 388 U.S. 293, 18 L. Ed. 2d 1199, 87 S. Ct. 1967, that the holdings of *Wade* and *Gilbert* should not be made retroactive, and are thus not applicable to line-ups conducted prior to June 12, 1967. But at the same time it was held in *Stovall* that, on motion of the defendant, a pre-*Wade* lineup is subject to a "totality of circumstances" test so as to determine whether the conduct of the line-up was "so unnecessarily suggestive and conducive to irreparable mistaken identification" (388 U.S. at 302, 18 L. Ed. 2d at 1206,) as to be a denial of due process. (See: *People* v. *Blumenshine, 42* Ill.2d 508.) In his post-conviction petition, the defendant here makes no claims of

mistaken identification, but complains that the use of a screen prevented him from seeing those who were viewing him and that he was not given the names of at least two persons present who allegedly could not identify him as one of three hold-up men. Neither circumstance, in our opinion, supports a claim of a denial of due process or made necessary an evidential inquiry into the line-up process.

One collateral question remains to be determined and arises from a claim of defendant, contradicted by a proof of service executed by the circuit clerk, that he was not given notice of an adverse judgment on his post-conviction petition as required by Rule 651(b) of this court. (Ill. Rev. Stat. 1967, ch. 110A, par. 651(b).) Even if the claim be true, defendant has in no manner been prejudiced. The record discloses that his notice of appeal was filed in this court in apt time, that counsel was appointed to represent him in this court, and that briefs have been filed which have been fully considered.

The circuit court of Rock Island County correctly ruled that the petition did not require an evidentiary hearing, and its judgment denying post-conviction relief is affirmed.

*Judgment affirmed.*

Mr. JUSTICE SCHAEFER, concurring:

Whether the defendant's lineup violated the "totality of circumstances" test discussed in *Stovall* v. *Denno* (1967), 388 U.S. 293, 18 L. Ed. 2d 1199, 87 S. Ct. 1967, presents a difficult question and one concerning which I find it unnecessary to express an opinion at this time.

Both the record in this case and the opinion of the appellate court make it clear that there was an independent identification of the defendant by photograph prior to the lineup (*People* v. *Derengowski*, 67 Ill. App. 2d 66, 70; see, *United States* v. *Wade*, 388 U.S. 218, 241, 18 L. Ed. 2d 1149, 1165, 87 S. Ct. 1926), and there is nothing in the

482

record which indicates that this identification was tainted by impermissible suggestion. See *Simmons* v. *United States* (1968), 390 U.S. 377, 19 L. Ed. 2d 1247, 88 S. Ct. 967.

For this reason I concur in the affirmance of the judgment.