(No. 42533.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* OLIVER SMITH, Appellant.

*Opinion filed January 25, 1971.—Rehearing denied March 31, 1971.*

GERALD W. GETTY, Public Defender, of Chicago, (SAUL H. BRAUNER, RONALD P. KATZ and JAMES J. DOHERTY, of counsel,) for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and ARTHUR L. BELKIND, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The defendant, Oliver Smith, was jointly indicted with Charles Richardson on a charge of armed robbery. The cases were severed, and the defendant's motions to suppress certain evidence were denied. A jury found him guilty, and he was sentenced to imprisonment for not less than 10 nor more than 25 years. He has appealed directly to this court.

The defendant and Richardson were arrested in a utility closet on the 12th floor of the apartment hotel at 1117 North Dearborn Street. An armed robbery had occurred a few blocks away, and the victim of the robbery had managed to get the gun of one of the robbers. The robbers ran, pursued by the victim and others. Police officers who converged on the scene were informed by the night clerk that two negro males had run past his desk and disappeared in the hotel. The elevators were shut off, and the building was searched. The largest estimate of the size of the utility room in which the defendant and his companion were found was six by six feet. The room contained only a garbage chute, a garbage can and a sink. A gun found near the top of the open garbage can was received in evidence, as was money found in the pockets of the two men. The gun and the money were obviously the products of a valid arrest and search, and the defendant's contention that his constitutional rights were violated can not be sustained.

When the defendant and his companion were brought down the stairs to the street, the victim of the robbery identified the defendant as the man who had opened the left front door of his car and aimed a gun at his head. He had not seen the face of the other robber who had entered the car from the passenger side, ripped open the victim's pants pocket and taken his money, and he was unable to identify the defendant's companion. Before the grand jury the victim was asked, "Which one of the two did you identify?", and he had replied, "His name, I believe, is Mr. Richardson." This prior contradiction was brought out on cross-examination to impeach his identification of the defendant at the trial. Further testimony made it clear that he had never identified anyone other than the defendant.

An instruction on identification tendered by the defendant was refused, and the defendant contends that the judgment must therefore be reversed. The ruling of the court was based on the Illinois Pattern Instructions (IPI-Criminal) which recommend that no instruction be given on the circumstances of identification, on the ground that the subject "is adequately covered by the general instruction on credibility of witnesses". (IPI-Criminal 3.15.) This case was tried on December 20, 1968, and this court's Rule 451 approving the use of the IPI instructions in criminal cases did not become effective until January 1, 1969.

Decision does not turn, however, upon the effective date of a rule of this court, but upon the adequacy of the instructions actually given to the jury. We are of the opinion that the instructions given, particularly those regarding the credibility of witnesses, impeachment through prior inconsistent statement and the State's burden of proof, adequately placed before the jury the defendant's theory of defense and that it was therefore unnecessary to submit a specific instruction on the identification issue.

In his first *pro se* supplemental brief, the defendant contends that his right to a speedy trial was violated, be-

cause he was not tried within 120 days of his arrest as required by section 103—5 of the Code of Criminal Procedure. (Ill. Rev. Stat. 1967, ch. 38, par. 103—5.) He was arrested on May 7, 1968, indicted on July 18, and arraigned on July 31. His trial began on December 18. On September 12 the defendant filed a *pro se* motion for discharge under section 103—5, which was denied on the ground that the defendant had occasioned the delay by his motion for the appointment of a "Bar Association" lawyer to represent him, in lieu of the public defender. This ruling was in our opinion correct, and neither the defendant's statutory nor his constitutional right to a speedy trial was violated.

In the defendant's second *pro se* supplemental brief he contends that both his trial and appellate counsel were inadequate. We find this contention to be without merit.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*