(No. 44327.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JOHN ADAMS, Appellant.

*Opinion filed September 20, 1972*

WARD, J., took no part.

JAMES R. BRONNER and GEOFFREY P. GITNER, of Chicago, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and NICHOLAS A. DE JOHN, Assistant State's Attorneys, of counsel), for the People.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

In 1963 petitioner John Adams and two co-defendants, who are not involved in this appeal, were found guilty of murder by a Cook County circuit court jury and each was sentenced to a term of 35 to 70 years

imprisonment. The convictions were affirmed on direct appeal. *People v. Henderson (1967), 37 Ill.2d 489, cert. denied (1967), 389 U.S. 943, 19 L.Ed.2d 297, 88 S.Ct. 305.*

In 1970 petitioner filed a *pro se* petition under the Post-Conviction Hearing Act (Ill.Rev.Stat. 1971, ch. 38, par. 122—1 *et seq.*), challenging the voluntariness of his confession which was admitted into evidence at his original trial. Counsel was appointed, an evidentiary hearing held and the petition denied. This appeal followed.

The State argues here, as it did in the trial court, that inasmuch as the issue of the voluntariness of his confession was decided adversely to petitioner on direct appeal, reconsideration of the issue is barred by *res judicata*. We agree.

We have consistently held that " 'where a person convicted of a crime has taken an appeal from the judgment of conviction on a complete record, the judgment of the reviewing court is *res judicata* as to all issues actually decided by the court and all issues which could have been presented to the reviewing court, if not presented, are waived.' (*People v. Kamsler, 39 Ill.2d 73, 74; People v. Armes, 37 Ill.2d 457; People v. Agnello, 35 Ill.2d 611; People v. Cox, 34 Ill.2d 66.*)" *People v. Beckham (1970), 46 Ill.2d 569, 571.*

In the direct appeal petitioner argued that his confession was involuntary because given without admonishments regarding his right to counsel and right to remain silent. This court there noted that the holdings of *Miranda* and *Escobedo* were prospective only, and thus inapplicable here; this court therefore held the confession was not involuntary within the meaning of *People v. Hartgraves (1964), 31 Ill.2d 375, People v. Kees (1965), 32 Ill.2d 299,* and subsequent cases. *People v. Henderson (1967), 37 Ill.2d 489.*

On this appeal the petitioner now argues that the involuntariness of his confession is established by the

totality of the circumstances surrounding the giving of the statements. That argument is predicated upon evidence presented in the hearing on the post-conviction petition in the form of testimony of a behavorial scientist and that of a clinical psychologist who examined the petitioner in 1964 when he was admitted to the State penitentiary. They testified that petitioner had an I.Q. of 56 to 62, was illiterate and in their opinion possessed limited mental capacity. Significantly, however, at the original pretrial motion to suppress his confession and at trial it was repeatedly noted that petitioner could not read or write and had only a second-grade education. No suggestion is now made that evidence similar to that presented at the post-conviction hearing was not available at trial. We note, also, that petitioner and his co-defendants there denied having made any statements about the offense, and made no claims of physical abuse.

This post-conviction proceeding, in essence, seeks to relitigate the same issue on the basis of evidence, all or much of which could have been presented at the trial and which does not necessarily require a different result (*People v. Hester (1968), 39 Ill.2d 489*). It is our opinion that these circumstances do not require that the application of the doctrine of *res judicata* be relaxed. See *People v. Jennings (1952), 411 Ill. 21; People v. Henderson (1968), 39 Ill.2d 342.*

The judgment of the Cook County circuit court is affirmed.

*Judgment affirmed.*

MR. JUSTICE WARD took no part in the consideration or decision of this case.