THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALFRED BRACEY, Defendant-Appellant.

(No. 56848;

First District—October 17, 1972.

John P. Kearney, of Chicago, for appellant.

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (James B. Zagel, Assistant Attorney General, and Robert A. Novelle and James R. Truschke, Assistant State's Attorneys, of counsel,) for the People.

120

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

This appeal is to review an order that dismissed a petition which appellant filed pursuant to the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1969, ch. 38, par. 122—1, *et seq.*) The issue is whether it was error for the trial court to dismiss the petition without granting appellant an evidentiary hearing.

On February 14, 1968, after a trial in which he was represented by counsel of his choice, appellant was convicted of armed robbery. He was sentenced to serve not less than two nor more than seven years. He appealed. On September 17, 1970, we affirmed his conviction. See *People v. Bracey*, 129 Ill.App.2d 57, 262 N.E.2d 748.

While the appeal was pending, appellant, acting as his own counsel, filed a post-conviction petition. After alleging in the first two paragraphs the fact of his prosecution, conviction and sentence, appellant stated that his conviction "* * * was based upon violations of [his] constitutional rights as guaranteed by the Constitution of the United States and made enforceable upon the States through the application of the Fourteenth Amendment." In the next three paragraphs, he stated that his arrest was without warrant and the search made of him at the time was "* * * in violation of his Fourth Amendment right, and the introduction into evidence of a knife seized from [him] should have been excluded from the proceedings; that [he] was denied the Sixth Amendment right to the assistance of counsel at a critical stage of the State's proceedings; namely, the police interrogation and identification procedures in which [he] was exhibited alone, under highly suggestive circumstances, to the complaining witness; that the indictment failed to allege scienter, which is an element that must be included in the charging portion of the indictment [and that he] was ineffectively represented by counsel at trial." In one paragraph, appellant gave the bases for this claim. He stated that his counsel (a) did not have the illegally seized evidence and the courtroom identification excluded from the proceedings; (b) did not argue the sufficiency of the indictment; (c) did not argue the legality of the arrest; (d) did not seek a ruling on the motion to suppress before proceeding to trial, but, instead consented to the hearing of the motion to suppress to be held during the course of the trial. In his last charging paragraph, appellant alleged that his Sixth Amendment right to a public trial was violated when the prosecutor, the judge and the defense counsel held part of the proceedings in the judge's chambers without appellant's presence or that of the court reporter.

Consideration of appellant's petition was continued from time to time until his conviction was affirmed. Then, appellee moved to dismiss the petition on the ground that it did not raise a constitutional question and

because it was barred by the doctrine of *res judicata*. After hearing the parties and reading the opinion of this court, the trial court sustained appellee's motion and dismissed the post-conviction petition without an evidentiary hearing. It is our judgment that this ruling was correct.

■■ *Res judicata* is a defense which can be raised by the State in a motion to dismiss a post-conviction petition. (*People v. Hill*, 39 Ill.2d 61, 63, 233 N.E.2d 546.) In the law of post-conviction remedy, when facts showing a trial lawyer's errors or those relating to claimed incompetency of counsel appear in the record and no issue is made of them, either in the trial court or on appeal, they are deemed *res judicata* in a later post-conviction proceeding. (*People v. Somerville*, 42 Ill.2d 1, 4, 245 N.E.2d 461.) The concept of *res judicata* includes all issues actually raised and those that could have been presented but were not. (*People v. Adams*, 52 Ill.2d 224, 287 N.E.2d 695; *People v. Kamsler*, 40 Ill.2d 532, 533, 240 N.E.2d 590; *People v. Collins*, 39 Ill.2d 286, 289, 235 N.E.2d 570.) It is a settled rule that when a conviction has been reviewed, including a bill of exceptions or report of proceedings, any claim which might have been raised, but was not, is considered waived. (*People v. Ashley*, 34 Ill.2d 402, 408, 216 N.E.2d 126.) This rule will be relaxed only where fundamental fairness requires it. *People v. Mamolella*, 42 Ill.2d 69, 72, 245 N.E.2d 485; compare *People v. Hamby*, 32 Ill.2d 291, 205 N.E.2d 456; see *People v. Derengowski*, 44 Ill.2d 476, 256 N.E.2d 455.

■■ In this case, the record does not disclose fundamental unfairness. In conclusionary language, appellant claimed that his conviction was based on violations of his constitutional rights. With regard to his arrest and search which he said violated his rights under the Fourth Amendment, appellant does not.allege facts which would show that these were without probable cause. His .claim that he was denied effective assistance of counsel is not supported by allegations of fact; rather, they consist of conclusions which find no support in the record. See *People v. Frank*, 48 Ill.2d 500, 272 N.E.2d 25; *People v. Weaver*, 45 Ill.2d 136, 256 N.E.2d 816. Accordingly, we affirm the judgment.

Judgment affirmed.

SCHWARTZ and BURKE, JJ., concur.