THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* OLIVER SMITH, Petitioner-Appellant.

(No. 59684;

First District (4th Division)—September 25, 1974.

Paul Bradley, of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Marianne Jackson, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

The petitioner, Oliver Smith, was charged in the circuit court of Cook County with two counts of unlawful use of weapons and one count of armed robbery. Smith was convicted of armed robbery, after a jury trial, and sentenced to 10 to 25 years in the Illinois State Penitentiary.

The petitioner, represented by the public defender of Cook County, took a direct appeal to the Supreme Court of Illinois. (*People v. Smith* (1971), 47 Ill.2d 528, 267 N.E.2d 669.) The public defender raised the following issues in his brief on appeal: (1) whether the trial court's denial of the defendant's motion to suppress physical evidence was a violation of his constitutional rights; and (2) whether the jury instructions were legally sufficient. In addition to the public defender's briefs, the petitioner filed two supplemental *pro se* briefs. He alleged that his right to a speedy trial was violated and that both trial and appellate counsel were inadequate. The supreme court affirmed the petitioner's conviction and, when considering the issues raised in the defendant's *pro se* briefs, held:

"In his first *pro se* supplemental brief, the defendant contends that his right to a speedy trial was violated, because he was not tried within 120 days of his arrest as required by section 103—5 of the Code of Criminal Procedure. (Ill. Rev. Stat. 1967, ch. 38, par. 103—5.) He was arrested on May 7, 1968, indicted on July 18, and arraigned on July 31. His trial began on December 18. On September 12 the defendant filed a *pro se* motion for discharge under section 103—5, which was denied on the ground that the defendant had occasioned the delay by his motion for the appointment of a 'Bar Association' lawyer to represent him, in lieu of the public defender. This ruling was in our opinion correct, and neither the defendant's statutory nor his constitutional right to a speedy trial was violated.

In the defendant's second *pro se* supplemental brief he contends that both his trial and appellate counsel were inadequate. We find this contention to be without merit." 47 Ill.2d at 530-31, 267 N.E.2d at 670-71.

The petitioner filed a *pro se* petition in the United States Supreme Court for a writ of certiorari, which was denied. (*People v. Smith* (1971), 402 U.S. 1011, 29 L.Ed.2d 434, 91 S.Ct. 2199.) Thereafter, he filed a *pro se* petition for a writ of habeas corpus in the United States

District Court for the Northern District of Illinois, and that petition was dismissed. Finally, the petitioner filed a petition for relief under the Illinois Post Conviction Hearing Act (Ill. Rev. Stat. 1967, ch. 38, par. 122—1). The petition was subsequently amended by appointed counsel. At a hearing on the State's motion to dismiss, after considering the defendant's *pro se* briefs, the trial judge sustained the State's motion to dismiss on the ground that the supreme court had already considered the issues raised.

The sole issue raised by this appeal is whether the trial court erred in dismissing the instant petition for post-conviction relief on the ground of *res judicata.*

■■ *Res judicata* is a defense which can be raised by the state in a motion to dismiss a post-conviction petition. (*People v. Bracey* (1972), 8 Ill.App.3d 119, 289 N.E.2d 241; *People v. Hill* (1968), 39 Ill.2d 61, 233 N.E.2d 546.) The concept of *res judicata* includes all issues actually raised and those that could have been presented but were not. (*People v. Adams* (1972), 52 Ill.2d 224, 225, 287 N.E.2d 695, 696; *People v. Kamsler* (1968), 40 Ill.2d 532, 533, 240 N.E.2d 590, 591.) The court has consistently held that the Post Conviction Hearing Act was not intended to be used as a device to obtain further consideration of claims of denial of constitutional rights where a full review of the issues raised has been held. (*People v. Hill* (1968), 39 Ill.2d 61, 63, 233 N.E.2d 546, 548.) In reviewing the record, we found that the issue raised in the amended petition for post-conviction relief was presented to the Supreme Court on direct appeal, and its holding in that appeal is *res judicata* as to that issue. *People v. Ikerd* (1970), 47 Ill.2d 211, 214, 265 N.E.2d 120, 122; *People v. Collins* (1968), 39 Ill.2d 286, 288, 235 N.E.2d 570, 572.

Petitioner relies heavily on the decision in *People v. Keagle* (1967), 37 Ill.2d 96, 224 N.E.2d 834. However, we do not find that case controlling. In *Keagle*, the court considered the petitioner's claim because it presented a constitutional problem which related to the fundamental fairness of the defendant's second trial. The contention there was a highly technical one unrelated to guilt or innocence. The court points out that on his prior appeal, the claim was inadequately presented by the defendant whose brief was, ostensibly at least, filed *pro se.* (37 Ill.2d at 101.) In the case at bar the appellant admits that the issue had been previously presented to the supreme court. He argues that the issue was presented to the supreme court by one of two ill-organized *pro se* briefs, and since the issue was quite complicated, it was susceptible to misinterpretation by the supreme court. In addition, he urges that the supreme court's statement of the issue took note of none of its important ramifications. There is no factual or legal basis for the petitioner's con-

tentions. The supreme court gave due deference to the issues raised in the petitioner's *pro se* briefs and properly disposed of them. Therefore, we find the petitioner's arguments to be without merit.

■■ The petitioner also relies on *People v. Frank* (1971), 48 Ill.2d 500, 272 N.E.2d 25. He urges that *Frank* held that the doctrine of waiver and *res judicata* does not apply where appellate counsel failed to raise an issue which was "patently meritorious." We agree that the issue was meritorious; however, we think that the petitioner has presented an erroneous holding for *Frank*. *Frank* held that there was no obligation of appointed counsel to brief every conceivable issue on appeal. It is not incompetence for counsel to refrain from raising those issues which in his judgment are without merit, unless his appraisal of the merits is patently wrong. *People v. Frank* (1971), 48 Ill.2d 500, 505, 272 N.E.2d 25, 28.

■■■ It is a well settled rule that when a conviction has been reviewed, any claim which was raised or might have been raised but was not is considered waived. (*People v. Ashley* (1966), 34 Ill.2d 402, 408, 216 N.E.2d 126, 129.) The strict application of this rule will only be relaxed where fundamental fairness requires it. (*People v. Mamolella* (1969), 42 Ill.2d 69, 72, 245 N.E.2d 485, 487; *People v. Hamby* (1965), 32 Ill.2d 291, 294, 205 N.E.2d 456, 458.) In the case before us, we find no reason for relaxing the invocation of the *res judicata* doctrine. The petitioner has been accorded due process and we find no fundamental unfairness.

We find that the issue raised in the petitioner's post-conviction petition was *res judicata,* so the judgment herein dismissing said petition is affirmed.

Affirmed.

ADESKO, P. J., and BURMAN, J., concur.