(No. 36913.—

The People of the State of Illinois, Defendant in Error, *vs.* McHenry Hill, Plaintiff in Error.

*Opinion filed September 27, 1963.*

Robert Q. Kelly, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and RICHARD T. BUCK, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

Defendant, McHenry Hill, was found guilty of rape and robbery after waiving a jury and being tried by the criminal court of Cook County, and was sentenced to the penitentiary for a term of 25 years on the rape charge and for a term of 1 to 20 years on the robbery charge, the sentences to run concurrently. He prosecutes this writ of error contending that he was not proved guilty of either crime beyond a reasonable doubt.

Uncontradicted evidence introduced by the People establishes that defendant, during the early morning hours of June 3, 1961, entered an apartment bedroom occupied by the prosecutrix and her husband. He turned on the light, awakening them, announced that it was a stick up, holding his hand threateningly in his pocket as he did so, then trussed the hands and feet of the husband and the hands of the woman. For approximately the next two hours he ransacked the room, demanded money, uttered threats, took the sum of $21 from the husband's trousers and removed rings from the fingers of the wife. At intervals he subjected the wife to sexual molestation, including an act of intercourse, and while he was thus engaged on the last occasion the husband managed to free himself and to subdue the defendant. The noise of their scuffle awakened the couple's children who were sent for the janitor and the latter, in turn, summoned the police. When the officers arrived they found defendant still pinned to the floor by the husband and took him into custody. The wife was taken to the emergency room of a hospital.

Defendant did not deny the commission of either crime,

but testified that he had been drinking in a tavern with a woman from approximately 7:00 o'clock that evening until midnight and then went to a party which he left at 2:30 A.M. Following this, according to defendant, he had a mental blackout and could not remember anything that occurred after 2:30 A.M. until he woke up in the apartment of the complaining witnesses.

Counsel for the defendant here, faced with a difficult if not impossible task in light of the overwhelming proof of guilt, argues that a reasonable doubt of guilt exists because the testimony of the principal witnesses was doubtful, incredible, unclear and unconvincing. He says this is so because the wife did not make a spontaneous complaint of the rape to her children, because she first testified defendant had threatened "I" will kill you but later testified defendant had said "we" will kill you, because the husband testified defendant was wearing a mask when he first saw him, whereas the wife made no mention of a mask, and because no medical evidence was introduced as to the wife's condition. It requires no extended discussion to point out that none of these factors were sufficient to discredit the witnesses. On the ultimate facts, plainly showing rape and robbery, the witnesses were clear and unshaken and fully corroborated each other.

Equally without merit is the remaining contention that the proof shows no taking of property by "force or intimidation" as the statute requires. (Ill. Rev. Stat. 1961, chap. 38, par. 501.) Binding the victims and threatening to kill them clearly satisfied the statutory requirement.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*