(No. 39823.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
MACHENRY HILL, Appellant.

*Opinion filed January 19, 1968.*

WARD, J., took no part.

JOHN W. MORRISON, of Chicago, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and JAMES B. ZAGEL, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

This is an appeal from orders of the circuit court of Cook County dismissing defendant's petition filed under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1965, chap. 38, pars. 122—1 et seq.) without a plenary hearing and denying his motion for leave to amend.

In a July 11, 1961, bench trial, defendant, MacHenry Hill, was found guilty of robbery and rape and sentenced to 1 to 20 years for the robbery and 1 to 25 years for the rape, the sentences to run concurrently. He requested and received appointed counsel who represented him in a direct appeal to this court. We affirmed the conviction. *People* v. *Hill,* 28 Ill.2d 438.

In January of 1964, pursuant to the Post-Conviction Hearing Act, defendant filed a verified *pro se* petition in the circuit court alleging as a substantial denial of his constitutional rights that the trial court had refused to appoint him counsel other than the public defender at trial whereby he received ineffective representation due to the assistant public defender's lack of knowledge of the facts and circumstances of his case. He requested the appointment of

counsel other than the public defender to represent him at all proceedings had on this petition. The State moved to dismiss on the grounds that the allegations were conclusory and did not raise constitutional questions within the purview of the Post-Conviction Hearing Act, and that moreover, the questions raised in the petition were *res judicata*. Subsequently defendant sought leave to file an amended petition renewing his request for appointed counsel.

On April 2, 1964, and before any action was taken regarding this application for leave to amend, a hearing was had on the motion to dismiss the original petition, defendant being represented by the public defender's office, and the trial court sustained the motion. Thereafter, on April 23, the trial court denied defendant's motion for leave to file the amended petition. Neither defendant nor counsel representing him was present at this latter action.

From these orders he appeals, contending that the trial court erred in summarily dismissing his original petition because such dismissal represented a mechanical application of *res judicata* contrary to the Act and the procedural safeguards established by this court. He further contends that the summary disposition of his motion for leave to file his amended petition was improper because, although he had requested counsel as provided in the Act, he was not represented at this latter hearing.

Contrary to defendant's contention, the defense of *res judicata* may be raised by the State in a motion to dismiss a petition under the Post-Conviction Hearing Act. (*People* v. *Cox,* 34 Ill.2d 66, 67.) We have consistently held that this Act was not intended to be used as a device to obtain further consideration of claims of denial of constitutional rights where a full review of the issues raised has been held. (*People* v. *Davis,* 415 Ill. 234; *People* v. *Jennings,* 411 Ill, 21; *Ciucci* v. *People,* 21 Ill.2d 81.) And "[w]e have consistently held that where review has once been had by a writ of error, including presentation of a bill of exceptions, any

claim which might there have been raised, but was not, is considered waived." (*People* v. *Ashley*, 34 Ill.2d 402, 408; *People* v. *Dolgin*, 6 Ill.2d 109, 111.) However, aside from any consideration of the applicability of the doctrines of *res judicata* or waiver, we find that defendant's allegation regarding the trial court's refusal to appoint him counsel other than the public defender did not require an answer by the State since it did not raise a constitutional question within the purview of the Post-Conviction Hearing Act.

In *People* v. *Owens*, 34 Ill.2d 149, we held, at pp. 150-151, that: "* * * jurisdiction in post-conviction proceedings is limited to situations in which 'a substantial denial of rights under the Constitution of the United States or of the State of Illinois' is alleged. [Citation.] The right of an indigent defendant to demand counsel other than the public defender derived wholly from the statute, [Ill. Rev. Stat. 1963, chap. 34, par. 5609] and was not a constitutional right. The petitioner argues that 'the statute in issue is a statute which confers a constitutional right since said statute implements the right to effective representation by counsel.' But a statute cannot confer constitutional rights; the petitioner's argument obliterates any distinction between the two categories of enacted law." See *People* v. *Gray*, 33 Ill.2d 349, 351.

We find that defendant's allegation of incompetency of trial counsel was not sufficient to require an answer by the State and a plenary hearing thereon. To secure such a hearing, petitioners under the Act must "make a substantial showing of a violation of constitutional rights, for the allegation of a mere conclusion to that effect under oath will not suffice." (*People* v. *Reeves*, 412 Ill. 555, 560.) In *People* v. *Ashley*, 34 Ill.2d 402, (where incompetency of counsel was alleged) and in *People* v. *Vitale*, 3 Ill.2d 99, (prejudice of trial judge), we upheld the dismissal of petitions for failure to substantiate general allegations with factual pleadings. Similarly, defendant's allegation of incompetency here

is a bare conclusory statement devoid of any facts or specifically alleged acts of incompetence. We hold that the dismissal of defendant's original petition was proper.

We next consider defendant's charge that the trial court's subsequent denial of his motion for leave to file an amended petition was improper. As previously noted this motion, together with a proposed amended petition, was filed with the court prior to the hearing on the original petition but was not ruled upon until nearly three weeks later when only the assistant State's Attorney was present. The motion undoubtedly could have been entertained at the earlier hearing when defendant was represented by counsel before the court and whose counsel could have advanced arguments in favor of the motion. Section 122—4 of the Post-Conviction Hearing Act gives a petitioner the right to representation by appointed counsel at proceedings held thereunder, and we hold that this right extends to the hearing on his motion for leave to amend and, if allowed, to the preparation and presentation of his amended petition. Consequently, the court's *ex parte* denial of leave to amend here was improper. We therefore remand this cause to the circuit court for appointment of counsel to represent defendant in connection with the amendment of his petition and at such further proceedings as are necessary before that court. In addition, in light of defendant's charge concerning the incompetency of the assistant public defender who represented him at trial and his post-conviction request for appointment of counsel other than the public defender, we deem it proper that non-public defender counsel be appointed to so represent him. See *People* v. *Smith,* 37 Ill.2d 622, 624.

*Cause remanded, with directions.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.