44 Ill.2d 299 (1970)
255 N.E.2d 377
THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v.
MacHENRY HILL, Appellant.
No. 41691.
Supreme Court of Illinois.
Opinion filed January 28, 1970.
*300 RONALD M. DE HAAN, of Chicago, appointed by the court, for appellant.
WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and MICHAEL D. STEVENSON, Assistant State's Attorneys, of counsel,) for the People.
Judgment affirmed.
Mr. JUSTICE BURT delivered the opinion of the court:
Petitioner, MacHenry Hill, appeals from an order of the circuit court of Cook County dismissing his amended petition filed under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1967, ch. 38, pars. 122-1 et seq.) without an evidentiary hearing. His principal contention is that a full hearing should have been afforded because his petition contained allegations of fact sufficient to raise a substantial constitutional question within the purview of the statute.
The present appeal is the third of a series growing out of petitioner's original conviction of the crimes of robbery *301 and rape in a bench trial held on July 11, 1961. On writ of error, this court affirmed in an opinion rendered September 27, 1963. (People v. Hill, 28 Ill.2d 438.) The first proceeding under the Post-Conviction Hearing Act was filed in January, 1964, and resulted in a dismissal of the petition by the trial court without an evidentiary hearing as well as a denial of a motion for leave to amend. On appeal, this court found that, aside from any consideration of the applicability of the doctrine of res judicata or waiver growing out of the earlier appeal, the allegations of the petition did not raise a constitutional question and for that reason it was properly dismissed. Specifically, we found that petitioner's charge of incompetency of counsel was a bare conclusion devoid of any facts or specifically alleged acts of incompetence and that the allegation of the trial court's refusal to appoint counsel other than the public defender did not require an answer by the State since it did not raise a constitutional question. We held, however, that the motion for leave to amend the petition had been improperly denied without hearing and remanded the cause to the circuit court with directions to appoint counsel to assist in connection with the amendment of the petition and to take such further proceedings as might be necessary. People v. Hill, 39 Ill.2d 61.
The amended petition prepared and filed with the assistance of counsel appointed by the court pursuant to our directive raises again the single issue of alleged incompetency of counsel at the original trial. An attempt is made to specify acts of incompetence in an effort to supply the deficiency found to exist in the earlier petition. In summarizing alleged violation of his constitutional rights by conduct of his trial counsel petitioner states that the assistant public defender failed to seek to establish by hospital records whether or not the complaining female witness had been raped; that the assistant public defenders in charge of his defense represented to petitioner that by pleading guilty to the charge of robbery he would receive a sentence of 10 *302 years and that the charge of rape would be dropped; that one of these counsel, contrary to representations made by both of them, "pleaded petitioner guilty to both robbery and rape", whereupon petitioner "pleaded his own case in an attempt to conform to the agreement that he would get 10 years for the robbery and that the rape charge would be dropped." It is also claimed that at one point petitioner was told he would get life or 199 years from a jury if he pleaded not guilty.
As in the earlier post-conviction proceeding, the State has raised the defense of res judicata. In petitioner's prior appeal we observed that the defense of res judicata might be raised in situations such as this and that this court had consistently held that where review has once been had by writ of error, including presentation of a bill of exceptions, any claim which might have been raised, but was not, is considered waived. (People v. Hill, 39 Ill.2d 61, 63-64.) Petitioner seeks to escape the impact of this rule by his statement, made in argument, that he had urged appellate counsel in the original appeal to raise the issue of the competency of trial counsel but that this request had been refused. We find no allegation to this effect in the amended petition nor has any affidavit been filed which would support the claim. While this court has had occasion to relax the waiver rule in the interest of fundamental fairness (e.g., People v. Hamby, 32 Ill.2d 291, 294), we have continued to adhere to the view that "the waiver principle is a salutary one, conductive to the effective enforcement of the rules which society has established for its protection." (People v. Hamby, 32 Ill.2d 291, 294.) It should be noted that in Hamby the record clearly showed that petitioner had been repeatedly thwarted in his efforts to raise certain questions on original appeal, even to a denial of his request to proceed pro se in this court while his appeal was pending. The situation presented here is certainly not comparable to that in Hamby, for here we have only petitioner's completely unsupported *303 assertion made in argument that counsel refused to present, in the initial appeal, the question now sought to be raised. Dismissal of a post-conviction petition which fails to comply with the requirement of the statute that affidavits or other evidence supporting its allegations be attached, or their absence explained, is proper. (People v. Curtis, 41 Ill.2d 147, 150; People v. Reed, 36 Ill.2d 358, 360; People v. Ashley, 34 Ill.2d 402, 411.) In this case where there is nothing in the record by way of allegations in the petition, statements in affidavits or otherwise which would excuse failure to urge the question of incompetency of counsel on writ of error, this court should be averse to relax the waiver rule.
However, since the trial court based its order of dismissal upon a finding that the petition was deficient rather than by applying the rule of res judicata, we prefer to test the result by pursuing the approach used by the trial judge. The record shows that at the hearing on the motion to dismiss, careful consideration was given to all of the allegations of the petition. In this connection the court had before it the transcript and records of the original proceeding, and petitioner questions their use, saying that the method used was tantamount to receiving evidence on behalf of the State while denying the same privilege to petitioner. This court has recently rejected the contention that the right to an evidentiary post-conviction hearing depends solely upon whether the allegations, if true, raise a substantial constitutional question. We held that upon a motion to dismiss a post-conviction petition, the trial court may properly render a decision on the basis of the contents of the pleading read in conjunction with the transcript of proceedings at the trial. (People v. Slicker, 42 Ill.2d 307, 308.) Any so-called evidence received by the trial judge was matter contained in the original record and its use and consideration was fully justified and entirely proper.
In testing the claim that a defendant was denied his constitutional *304 right of trial through incompetence of counsel, this court has said that, before a conclusion of inadequate representation can be reached, defendant must demonstrate the actual incompetence of counsel as reflected by the manner of carrying out his duties as a trial attorney, and it must further appear that substantial prejudice results therefrom, without which the outcome would probably have been different. (People v. Georgev, 38 Ill.2d 165, 169, cert. den. 390 U.S. 998, 20 L.Ed.2d 97, 88 S.Ct. 1202; People v. Gray, 33 Ill.2d 349, 355; People v. Dean, 31 Ill.2d 214, 218; People v. Morris, 3 Ill.2d 437, 449.) As to petitioner's allegation that counsel failed to check the hospital records to see whether or not complaining witness had been raped, it appears that, aside from the fact that such evidence is never conclusive of the ultimate question, it would have had little value one way or the other in this case where, as this court remarked in People v. Hill, 28 Ill.2d 438, 440, proof of guilt was overwhelming and defendant did not deny commission of the offense but claimed only that he had a mental blackout during the rather extensive period of time during which the crimes were committed. As to the claim that counsel sought to plead him guilty to both crimes after representing that on a plea of guilty to robbery he would get 10 years and the charge of rape would be dropped, and that he "pleaded his own case" in an attempt to conform to counsel's agreement, the record clearly shows, as the trial judge pointed out, that petitioner did not plead guilty but pleaded not guilty. Therefore whatever may have been said as to what would happen if petitioner pleaded guilty had no influence whatever on the course he chose to follow or the eventual outcome of the trial. Assuming that petitioner may have waived a jury because of the alleged statement concerning the penalty that might be inflicted if a jury trial were held, it has never been contended that he did not receive a fair trial by the court or that the sentences imposed were excessive. If we admit, therefore, that all allegations *305 concerning the statements and representations of counsel are true, we have no reason to conclude that the outcome would have been different had such statements not been made.
Our conclusion is that the trial court correctly found that the allegations of the petition, considered in the light of the record, were insufficient to require an evidentiary hearing and that the order dismissing the petition was proper.
Judgment affirmed.
Mr. JUSTICE WARD took no part in the consideration or decision of this case.