(No. 42076.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* ARNOLD PRATT, Appellant.

*Opinion filed September 22, 1970.*

REED, ARMSTRONG, GORMAN and COFFEY, of Edwardsville, (JAMES E. GORMAN, of counsel,) appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and R. W. GRIFFITH, JR., State's Attorney, of Edwardsville, (JOEL M. FLAUM, Assistant Attorney General, of counsel,) for the People.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

In 1962, appellant, Arnold Pratt, was indicted for the murder of Donald Gazia. At the arraignment, the public defender was appointed to represent him and a plea of not guilty was entered. When the cause came on for trial, Pratt, on advice of counsel and after admonishment by the court, withdrew his plea of not guilty to murder and entered a plea of guilty to voluntary manslaughter. Judgment was entered thereon and defendant was sentenced to the penitentiary for a term of from 14 to 18 years. Pratt thereafter filed a *pro se* petition in 1964 pursuant to the Post-Conviction Hearing Act (Ill. Rev. Stat. 1969, ch. 38, par. 122—1 *et seq.*) claiming that his appointed trial counsel was incompetent; that the *corpus delicti* of the crime was not established; that he was "inadversably" told to plead guilty even though the voluntariness of his confession was not established; and that he did not comprehend the nature of the crime with which he was charged. However, the record

before us does not reflect that any action was taken until September 1966, when Pratt filed another *pro se* petition wherein he charged that he was denied his constitutional rights in that he was allowed to enter a plea of guilty to a crime for which he had not been indicted. Counsel was appointed to represent him on the petition. The State filed a motion to dismiss but this was denied.

At the post-conviction hearing, Pratt, who was present, stated that he wanted only the claim advanced in his second petition to be considered by the court, *i.e.,* that it was constitutionally impermissible for the court to allow him to plead guilty to a crime for which he had not been indicted. He further stated that he would present no evidence in support of the allegations of his first petition. After argument by counsel for both sides, the petition was denied.

Pratt then filed notice of appeal and counsel was appointed to represent him. However, while his appeal was pending, he filed a petition for writ of *habeas corpus* (Ill. Rev. Stat. 1969, ch. 65, par. 1 *et seq.*) in the circuit court claiming that he was not indicted for the offense of voluntary manslaughter; that he was not admonished with regard to the offense charged in the indictment, and that the trial court lacked jurisdiction to reduce a one-count indictment charging murder to a lesser offense of voluntary manslaughter. The State filed a motion to dismiss contending "that the matters alleged [in the *habeas corpus* petition] were previously decided and that the defendant could not continue to reassert matters previously determined." The *habeas corpus* petition was dismissed and Pratt filed notice of appeal from that judgment.

We have before us for consideration the propriety of the dismissal orders in Pratt's post-conviction and *habeas corpus* proceedings.

In this court, petitioner claims that he was improperly convicted of a crime for which he was not indicted; that the record does not contain an affirmative showing that his

plea of guilty was intelligently, freely and voluntarily made; that his appointed trial counsel did not adequately represent him; and that the confusion as to the crime to which he pleaded guilty deprived him of his constitutional rights.

Petitioner claims that he could not be convicted of the crime of voluntary manslaughter inasmuch as he was charged by indictment with only the offense of murder. It has long been the law in this State that the crime of voluntary manslaughter is embraced by and is a lesser included offense of the charge of murder; and that an accused may be convicted of manslaughter under an indictment for murder. (*People* v. *Korycki,* 45 Ill.2d 87, 90-91; *People* v. *Simmons,* 26 Ill.2d 400, 402; *People* v. *Wiggins,* 12 Ill.2d 418, 426; *People* v. *Crawford,* 387 Ill. 616, 620; *cf. People* v. *Ross,* 409 Ill. 599, 605-606.) Accordingly, we find no error.

It is next argued that the record before us does not reflect that the plea of guilty was intelligently, freely and voluntarily entered. However, the transcript of proceedings wherein petitioner withdrew his plea of not guilty to murder and entered his plea of guilty to voluntary manslaughter, patently controverts this contention. At the trial, defense counsel stated to the court that he had throughly investigated the circumstances concerning the death of the decedent; that he, on several occasions, discussed all of the facts of the case with the defendant; that pursuant to those discussions defendant requested permission to enter a plea of guilty; that he had advised defendant that he could be sentenced to the penitentiary for an indeterminate period of between one and twenty years; that he had a right to trial by jury, and that he had a right to confront his accusers in open court. The court then asked the defendant if he wished to withdraw his "plea of not guilty to the charge in the indictment and enter a plea of guilty to the charge of voluntary manslaughter contained in the indict-

ment." Defendant replied that he did. The following colloquy then occurred:

"THE COURT: Before accepting your plea of guilty the court has a duty to advise you of your Constitutional Rights which incidently, [sic], your attorney has already advised you as stated to the Court in the record this morning, and stated you would be entitled to a trial and face the people that may testify against you, to have an attorney represent you and if you are found guilty, you must necessarily be found guilty, by all twelve members of the jury. Now under your plea of guilty as your attorney advised you, or you are tried and found guilty by a jury, you could be sentenced to the Illinois State Penitentiary for an indeterminate term of not less than one nor more than twenty years. Now, knowing your rights and consequences of your plea, do you still persist in your plea of guilty to the charge of voluntary manslaughter as charged in the indictment?

THE DEFENDANT: Yes Sir."

We find petitioner was properly advised of his rights and admonished as to the consequences of a plea of guilty by both his counsel and the court, and, having persisted in that plea, was found guilty. Furthermore, it appears from this record that the plea was intelligently, freely and voluntarily entered. And there is no evidence in any of the proceedings following his conviction which would indicate the contrary. We find no error.

Petitioner claims that he did not receive adequate representation by his court-appointed trial counsel. The thrust of his argument is that when his counsel told the trial court that he (Pratt) desired "to enter a plea of guilty to voluntary manslaughter in manner and form as charged in the indictment," counsel misinformed the court because the defendant was not charged by indictment with voluntary manslaughter. We find this argument to be totally without

merit. Not only does petitioner fail to show how he was prejudiced by this statement, but also, as we have previously noted, the crime of voluntary manslaughter is a lesser included offense in the charge of murder and accordingly is encompassed by the indictment.

Finally, petitioner contends that the confusion as to the crime to which he pleaded guilty deprived him of his constitutional rights. Pratt clams that his plea of guilty to voluntary manslaughter "in manner and form as charged in the indictment" evidences an ambiguity inasmuch as he was charged by indictment with the crime of murder. We find no substance to this argument. The record clearly reflects petitioner's desire to withdraw his plea of not guilty to murder and to plead guilty to voluntary manslaughter. Pratt was thoroughly advised by his counsel and the court as to the consequences of his action, and it is a strain on the imagination to find any indication of confusion in this record.

The judgment of the circuit court of Madison County is affirmed.

*Judgment affirmed.*