THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* OLLIE MOORE, Petitioner-Appellant.

(No. 56580;

First District—April 19, 1972.

James R. Madler, of Chicago, for appellant.

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (James B. Zagel, Assistant Attorney General, and Robert A. Novelle and Robert C. Samko, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE BURMAN delivered the opinion of the court:

The defendant, Ollie Moore, was indicted and charged with murder. Upon a plea of guilty and the waiver of a jury trial, he was found guilty on September 13, 1967, as to the lesser included offense of voluntary manslaughter, and sentenced to serve not less than five nor more than fourteen years in the penitentiary. No direct appeal was taken. On April 8, 1969, the defendant filed a post-conviction petition which was later amended. After an evidentiary hearing was held on April 21, 1970, the petition was denied. This appeal is taken from that denial. It was first filed in the Supreme Court, but later transferred to this Court.

The defendant contends (1) he was denied a full and fair post-conviction hearing because a complete record was not available, (2) he was denied due process of law when his guilty plea was made without knowledge or understanding, and (3) he was denied due process of

law because he was represented at his trial by a court-appointed-attorney who was not of his own choosing.

The defendant initially urges that he was deprived of due process of law in the post-conviction hearing because only a partial trial record was made available to him and presented to the Court. A transcript of the proceedings was attached as an exhibit to the State's motion to dismiss, and it was later incorporated by reference into the defendant's amended petition. This transcript, it is argued, was incomplete in that it omitted the stipulation of facts entered into between the State and the defendant. It is urged that, "Without the stipulated facts transcribed, neither the court or defendant's attorney were in a position to ascertain whether defendant's self-defense argument was stipulated away."

█ ██ The State, as a matter of due process and equal protection, need not supply a complete transcript for an indigent prisoner seeking review of his criminal conviction as long as it provides those portions of the trial transcript which are relevant to the issues raised by the prisoner. (*Draper v. Washington,* 372 U.S. 487.) The purpose of the post-conviction hearing is to provide an imprisoned person an opportunity to demonstrate a substantial denial of his rights under the Constitution of the United States and of the State of Illinois, which occurred at the trial leading to his conviction. Section 122—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1967, ch. 38, par. 122—1; *People v. Jennings,* 411 Ill. 21, 102 N.E.2d 824.) The hearing, however, is not intended to be a vehicle for the relitigation of the guilt or innocence of the accused. (*People v. Derengowski,* 44 Ill.2d 476, 256 N.E.2d 455.) The defendant, in his amended petition, asserted that he was deprived of constitutional rights in four respects: (1) he was fraudulently induced by appointed counsel to plead guilty, (2) he did not knowingly and understandingly waive trial by jury, (3) he was not adequately admonished of the consequence of a guilty plea, and (4) he was not properly advised of the charges against him. The stipulated facts were unrelated to these claimed constitutional deprivations, and the omission of the stipulated facts from the transcript of the proceedings upon the change of plea did not deprive the defendant of a full and fair post-conviction hearing.

The defendant next contends that his plea of guilty was coerced and entered without knowledge and understanding. When the cause was called for trial on September 13, 1967, defense counsel informed the Court that he and the defendant had discussed "all possibilities and facts of this case" in detail and that the defendant desired to withdraw his plea of not guilty and to enter a plea of guilty. Upon questioning by the Court, the defendant indicated (1) he wished to plead guilty,

(2) he understood that a guilty plea automatically waived his right to trial by jury, and (3) he understood that he could be tried by the Court. The trial judge then advised him of the sentence which could be imposed upon a plea of guilty to voluntary manslaughter. The defendant, nevertheless, persisted in his plea, which was accepted by the Court. Defense counsel then stated to the Court that the defendant was pleading generally since the indictment did not contain an actual count for voluntary manslaughter. After a stipulation of facts was entered, the Court made a finding of guilty as to voluntary manslaughter.

At the post-conviction hearing the defendant testified that the only contact which he had with his appointed attorney was a five minute conference in the back of the courtroom on the day when he changed his plea. He stated that his counsel told him to plead guilty because "it would cost, the jury, too much to go into the jury trial with me." He did not remember how great a sentence his attorney said he would receive if he plead guilty. He did not know what pleading generally meant and stated that he plead guilty to murder and not to voluntary manslaughter. On cross-examination, it was brought out that he was born and raised in Mississippi and that he had obtained only a third or fourth grade education. He admitted that prior to entering his plea, he discussed the difference between murder and manslaughter with his attorney and that he recognized that in pleading guilty he was "getting a break before the Court."

The defendant's court-appointed-attorney testified that he was licensed to practice law in 1955 and that he engaged principally in defense of persons charged with violations of the criminal laws of the State of Illinois. He was appointed to represent the defendant on August 8, 1967; and after the appointment either he or his associate conducted an investigation, interrogated the parties, and discussed the matter with the State's Attorney. The amount of time spent on the case was reflected in a statement of services attached to a petition for attorney's fees presented to the Court. The statement indicated four court appearances, two hours of consultation with the client (on August 10, 1967), and three hours of investigation (on August 11 and 12, 1967).

He further testified that on September 13, 1967, he discussed with the defendant the possibilities and consequences of various courses of action, including a trial by jury, a bench trial, and a plea to a lesser offense. After this conference, the defendant chose to plead guilty. He denied (1) that he coerced the defendant, (2) that he threatened the defendant with a 199 year sentence in the absence of a guilty plea and (3) that he promised the defendant a two to three year sentence upon

a guilty plea. He further denied that he had ever discussed the matter of a fee with the defendant.

On cross-examination he testified that he had no independent recollection of the August 10, 1967, consultation with the defendant. He stated that he never expressed a personal opinion as to which course of action the accused should follow.

■■ At the time the defendant changed his plea, he was advised of his rights in accordance with Supreme Court Rule 401(b) (Ill. Rev. Stat. 1967, ch. 110A, par. 401(b)). It is urged that neither the Court nor the defendant understood the nature of the charge because the trial judge in advising the defendant of the consequences of a guilty plea referred to "this indictment, which charges you with voluntary manslaughter," while the indictment only charged the defendant with murder. It is well settled, however, that a charge of voluntary manslaughter, as a lesser included offense, is included in an indictment for murder. *People v. Pratt*, 46 Ill.2d 99, 262 N.E.2d 898.

■■ The defendant's assertion at the post-conviction hearing that he was coerced into entering a guilty plea is supported only by his own testimony which is directly contradicted by the testimony of his trial counsel. As is pointed out in *People v. Logue*, 45 Ill.2d 170 at 174, 258 N.E.2d 323 at 325, "At a post-conviction hearing as in other court proceedings to determine facts without a jury, whether to believe testimony, wholly or partially or not at all, is for the trial judge who hears and sees the witnesses. Unless it appears his determination manifestly was erroneous, it will not be disturbed when reviewed." The trial judge found that the guilty plea was not coerced by the defense counsel, and we can find no reason in the record to disturb that finding.

■■ The defendant finally contends that he was denied due process of law by being represented by a court appointed attorney not of his own choosing. The record reveals that a Chicago Bar Association attorney was initially appointed to represent the defendant at his request. This attorney requested to be relieved of his duties. Another attorney in private practice was appointed, but there is no indication in the record that the newly appointed counsel was a member of the Chicago Bar Association. The method by which appointed counsel for indigents is selected is governed by statute. See Section 4 of the Public Defenders Act (Ill. Rev. Stat. 1967, ch. 34, par. 5604) and Section 113—3 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1967, ch. 38, par. 113—3). It is settled that an indigent defendant does not have the right to choose his court appointed counsel. (*People v. Cox*, 22 Ill.2d 534, 177 N.E.2d 211.) Any error in the selection of court appointed counsel would

not be of constitutional magnitude, and consequently is not properly considered in a post-conviction hearing. (*People v. Hill*, 39 Ill.2d 61, 233 N.E.2d 546; *People v. Gray*, 33 Ill.2d 349, 211 N.E.2d 369.) Moreover, the contention is not properly before this Court because it was not raised in the court below. Section 122—3 of the Code of Criminal Procedure of 1963. Ill. Rev. Stat. 1967, ch. 38, par. 122—3, *People v. French*, 46 Ill.2d 104, 262 N.E.2d 901.

For the reasons stated, the judgment of the Circuit Court is affirmed.

Judgment affirmed.

DIERINGER, P. J., and ADESKO, J., concur.