THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GEORGE JONES, Defendant-Appellant.

(No. 56808; )

First District—May 5, 1972.

William Levinson, of Chicago, for appellant.

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (James B. Zagel, Assistant Attorney General, and Robert A. Novelle and Robert L. Best, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

Petitioner was found guilty of murder after a jury trial and sentenced to a term of 50 to 100 years. His conviction was affirmed in *People v. Jones*, 107 Ill.App.2d 1, 247 N.E.2d 40. He then filed a petition under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1969, ch. 38, par. 122—1 *et seq.*), alleging three grounds upon which he concluded that he was deprived of his constitutional rights to due process and equal protection under the law. A public defender was appointed to his case. The State then moved to dismiss the petition without an evidentiary hearing because it failed to raise a substantial constitutional issue and the appellate court's decision was *res judicata* as to any claims made or that could have been made therein. After arguments on the State's motion were heard, the motion was granted.

On appeal petitioner contends that the court erred in dismissing the petition without a hearing because it raised a substantial constitutional issue, namely, that his appointed trial counsel acted with such incompetence so as to deprive him of due process of law. Specifically, the petition stated that counsel failed to object to the admission of damaging and prejudicial evidence. It was further stated that the appellate court opinion in *People v. Jones, supra,* and the trial record would support this allegation.

Defendant's conviction arose out of an incident wherein he fatally stabbed Andrew Johnson in the apartment of defendant's girl friend on the morning of May 4, 1964. At the trial two eyewitnesses (defendant's girl friend and another girl) testified for the State. Both stated that defendant had sent the deceased out for a pint of wine at 10:00 A.M.; that after returning with the wine, the deceased entered the room in which defendant was watching television; that defendant ordered him out of the room, whereupon the deceased walked away; that defendant went after the deceased with a butcher knife and fatally stabbed him. Defendant testified that he went after the deceased in order to take a wine bottle away from him; that he grabbed the deceased but wasn't conscious of having the knife; that he heard one of the eyewitnesses say to him, "Give me the knife before someone gets hurt"; that he didn't know what she was talking about and didn't know what happened to the deceased.

In his direct appeal defendant had contested the admission of evidence referring to statements given by defendant to the police but his contention was rejected because no objections had been made to the admission thereof by counsel at trial. Defendant now urges that this failure to object deprived him of a fair trial.

■■ It is well settled law that where a full review has once been had by

way of direct appeal, any claim which might have been raised therein, but was not, is considered waived. (*People v. Hill,* 39 Ill.2d 61, 63, 64, 233 N.E.2d 546; *People v. Hill,* 44 Ill.2d 299, 302, 255 N.E.2d 377.) As stated in *People v. Hamby,* 32 Ill.2d 291, 294, 205 N.E.2d 456, 458:

> "We consider the waiver principle a salutary one, conductive [sic] to the effective enforcement for the rules which society has established for its protection, * * *."

In his post-conviction petition defendant made no allegations which would have excused his failure to urge the question of incompetency of counsel in his appeal. In *People v. Hill,* 44 Ill.2d 299, 303, 255 N.E.2d 377, the court under similar circumstances stated that it would be averse to relax the waiver rule.

In *People v. Stepheny,* 46 Ill.2d 153, 263 N.E.2d 83, in a post-conviction petition, after the conviction was affirmed by the appellate court, one of defendant's allegations was that his counsel during his opening statement and closing argument in effect unauthorizedly pleaded defendant guilty. The court held that the foundations for the allegations "rest exclusively in the record of the original trial proceedings and those questions either were or could have been raised on the earlier appeal. As to them the appellate court affirmance is *res judicata. People v. Hill,* 44 Ill.2d 299; *People v. Ashley,* 34 Ill.2d 402." In distinguishing between allegations based exclusively on the trial record and those which are not, the court then stated:

> "The more troublesome allegations are those relating to the inadequacy of the representation by defendant's trial counsel which do not rest entirely upon the trial record and are not barred by the *res judicata* principle."

Since in the instant case no excuse was presented for failing to urge incompetency of counsel in the appeal, and since defendant's allegations rest exclusively on the record, we affirm the judgment of the circuit court dismissing the petition.

Judgment affirmed.

LORENZ, P. J., and ENGLISH, J., concur.