(No. 15576.—Cause transferred.)
J. A. WHITTINGTON, Plaintiff in Error, *vs.* THE NATIONAL LEAD COMPANY, Defendant in Error.

*Opinion filed February 19, 1924.*

NEGLIGENCE—*what does not warrant direct review by Supreme Court.* A direct review by the Supreme Court of a judgment dismissing, for failure to file a more specific bill of particulars, an action for damages for alleged willful violation of the Occupational Diseases act is not warranted on the ground that the plaintiff's constitutional rights were violated, where no statute is mentioned and the only question to be determined is whether a bill of particulars can be required in such cases, and if so, whether the bill filed was sufficient.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. DAVID M. BROTHERS, Judge, presiding.

MARX LOEHWING, (JOHN T. MURRAY, of counsel,) for plaintiff in error.

ASHCRAFT & ASHCRAFT, (E. M. ASHCRAFT, of counsel,) for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

J. A. Whittington, plaintiff in error, brought an action on the case in the circuit court of Cook county against the National Lead Company, defendant in error, and by his second amended declaration charged the defendant in four counts with willful violation of and willful failure to comply with the provisions of an act entitled "An act to promote the public health by protecting certain employees in this State from the dangers of occupational diseases and providing for the enforcement thereof." (Laws of 1911, p. 330.) The several counts specified particular provisions of the act which it was charged the defendant willfully violated and willfully failed to comply with. The defendant filed a plea of not guilty, a plea of the Statute of Limitations as to the whole declaration and a separate plea of the statute as to each count, alleging that the cause of action did not accrue to the plaintiff at any time within two years before the filing of the amended declaration on February 16, 1922. The plaintiff joined issue on the plea of not guilty and demurred to the pleas of the Statute of Limitations. The demurrer was sustained and the defendant elected to stand by the pleas. On motion of the defendant the plaintiff was ordered to file a bill of particulars, and a bill of particulars was filed in compliance with the order, specifying the failure of the defendant to comply with the statute in the several particulars therein stated. On motion of the defendant the court ordered the plaintiff to file a more specific bill of particulars, which the plaintiff refused to do, and the court dismissed the suit at the cost of the plaintiff for failure to comply with the order. A writ of error was sued out of this court for a review of the judgment.

The plaintiff in error has assigned errors on the ruling of the court requiring a more specific bill of particulars

and in entering judgment for failure to comply with the order, and the defendant in error has assigned a cross-error on sustaining the demurrer to the plea of the Statute of Limitations, which was based upon the ground that the amended declaration stated a different cause of action not before stated and that the statute had run before the filing of the amended declaration.

The record has been brought to this court because of alleged violations of the provisions of the constitution that all laws relating to courts shall be general and of uniform operation and the practice of all courts of the same class or grade, so far as regulated by law, shall be uniform, the section securing the right of trial by jury, and the provision that no person shall be deprived of life, liberty or property without due process of law.  No statute is mentioned in the brief or argument relating to courts or regulating the practice, or the other provisions of the constitution.  Neither the errors assigned nor the cross-error relates in any manner to any statute regulating practice or any constitutional right.  The only question to be determined is whether a bill of particulars may be required in this class of cases, and if it may be required, whether it was proper to make an order on account of any general and indefinite charges alleged to have been made in the declaration not reasonably informing the defendant of the cause of action, and whether, if both these questions are answered in the affirmative, the bill of particulars filed was a sufficient compliance with the order.  There is no ground upon which this court has jurisdiction by a writ of error to the circuit court.

The cause is transferred to the Appellate Court for the First District.                    *Cause transferred.*