(No. 25525.-

THE PEOPLE *ex rel.* Ann Ponall, Defendant in Error, *vs.*
EDWARD WALLY, Plaintiff in Error.

*Opinion filed December 12, 1940.*

MEYER L. CHERKAS, for plaintiff in error.

Mr. JUSTICE SHAW delivered the opinion of the court:

On sworn complaint of Ann Ponall, Edward Wally was
found guilty of bastardy on a trial before the court without
a jury in the municipal court of Chicago. Judgment was
entered on this finding in the usual statutory form in the

sum of $1100 payable in installments. The evidence upon which this finding was based is not preserved in the record, but the appellant sets forth at length his motion for a new trial based upon the affidavits of various persons concerning so-called newly discovered evidence. After all of his other motions had been overruled, he filed a motion to vacate the judgment, which purports to be based upon a contention that the Bastardy act is unconstitutional. This motion was denied.

The only argument in support of the so-called constitutional question is actually based on the claimed insufficiency of the affidavit. It is not and cannot be contended that the Bastardy act does not require an affidavit for the issuance of a warrant. Such argument as there is, is based upon *People* v. *Clark,* 280 Ill. 160. In that case it was held that section 117 of the County Court act as it was then written (Hurd's Stat. 1916, p. 804) violated section 6 of the bill of rights in permitting prosecution by information not sworn to when filed by the State's attorney or Attorney General. The case has no bearing at all upon the point now urged because, as above pointed out, the Bastardy act does require an affidavit, the record shows there was one, and the only question presented is as to its sufficiency.

It is not enough to confer jurisdiction upon this court, merely to assert that a constitutional question is involved. The record must show that such a question actually exists and that it is fairly debatable. (*Wilson* v. *Prochnow,* 354 Ill. 98, and cases there cited.) This appeal should have been taken under the Civil Practice act to the Appellate Court for the First District.

The cause will be transferred to that court in accordance with the views herein expressed.

*Cause transferred.*