(No. 31762.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROBERT C. FARLEY, Plaintiff in Error.

*Opinion filed January 18, 1951.*

GEORGE M. CRANE, of Chicago, for plaintiff in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, and ARTHUR F. MANNING, all of Chicago, of counsel,) for the People.

Mr. JUSTICE GUNN delivered the opinion of the court:

Petitioner, Robert C. Farley, hereafter referred to as defendant, filed a petition purporting to be authorized by the statute (Ill. Rev. Stat. 1949, chap. 38, par. 826,) commonly known as the Post-Conviction Act, in the criminal court of Cook County, claiming that he had been denied certain constitutional rights, and prays that a judgment of conviction rendered against him be vacated, and that he be allowed a new trial. Upon a hearing the criminal court denied the petition of defendant, and thereupon he filed and was allowed a writ of error to this court.

The petition briefly sets forth that defendant is imprisoned in the penitentiary under a judgment of conviction for larceny of a motor vehicle, and that he was sentenced to a minimum of five years, and a maximum of twenty years in the penitentiary.

The facts show he was indicted November 26, 1947. He was arraigned December 1, 1947, and he was admitted to bail in the sum of $2500, December 2, 1947, and by agreement the cause was continued until January 8, 1948. On January 5, 1948, the defendant applied for, and obtained, a continuance until March 29, 1948. And again on March 29, 1948, the defendant applied for, and obtained a continuance until April 21, 1948. On April 21, 1948, upon the application of the People the cause was continued until May 24, 1948, and on the same date, *viz.*, April 21, 1948, defendant demanded a trial. On May 24, 1948, upon the application of the State's Attorney the cause was continued until June 24, 1948, and also on said May 24, 1948, defendant demanded trial. On June 24, 1948, upon application of the People the cause was continued to July 20, 1948, the

defendant again having demanded trial. On July 20, 1948, the defendant again demanded trial, and the cause was again, upon the application of the State's Attorney, continued to August 20, 1948.

It will be observed at this point that August 20, 1948, was within four months of the time that defendant first demanded his trial on April 21, 1948. However, on August 20, 1948, the State's Attorney filed a petition, under oath, alleging the absence of certain witnesses, and prayed for a continuance, and the same was allowed until October 18, 1948, a period of less than sixty days, and the defendant on the same date filed a petition seeking to be discharged because he had not been tried within four months of the date of his first demand for trial upon said indictment. October 18, 1948, both parties appeared in the criminal court and announced themselves ready for trial. But counsel for defendant, after having announced he was ready for trial, prayed that the court would hold the cause on the calendar until the following Monday because he was suffering from a bad cold, and thereupon it was agreed by the court, the attorney for defendant, and the State's Attorney that the cause would be held on call until October 25, 1948, and on that date the cause coming on again for trial it was represented by the State's Attorney that he at that time was suffering from a bad cold, but that they were ready for trial, and that it was a jury case, and thereupon, after some conversation, it was agreed between the court, the State's Attorney and the counsel for defendant that the matter could still be held on call, and set over until November 8, 1948, which was accordingly done, and on said date the cause went for trial and the defendant was convicted and sentenced to the penitentiary, as stated above.

The State's Attorney in his answer denies there was any denial of a substantial constitutional right; that the petitioner was free on bail during all of the time involved, and the delay in bringing the cause to trial was because of

the absence of a material witness, who had disappeared and remained unfound through the entire period, and that the trial occurred at a time more than sixty days after the four months' period fixed by statute by the express consent of counsel for defendant; and that the alleged ground of complaint was based upon statute, and did not involve a right fixed by the constitution of the State or of the United States.

Section 9 of article II of the Illinois constitution guarantees defendants in a criminal case a speedy and public trial in the county where the offense is alleged to have been committed. This section of the constitution has been implemented by section 18 of division XIII of the Criminal Code, (Ill. Rev. Stat. 1949, chap. 38, par. 748,) which, after fixing a time within which a person charged with crime and not admitted to bail must be tried, further provides, that if a person has been admitted to bail for an offense other than a capital offense he shall be entitled to trial within four months after such demand, but, if the court shall be satisfied that due exertion has been made to procure evidence upon behalf of the People, and there is reasonable ground such evidence may be procured at a later date, the court may continue the cause for not to exceed sixty days.

The defendant claims that this part of the statute has been violated; that he made his first demand for trial April 21, 1948; that he should have been tried by August 21, 1948. As pointed out above, the People made an application for continuance, owing to the absence of a witness, which it claims could be procured in time for trial, and the continuance was made for a period of less than sixty days, *viz.,* to October 18, 1948.

Up to this point in the proceedings it is clear that the defendant had no complaint whatsoever to make with respect to the time involved since the date for trial was set within sixty days after the expiration of four months,

upon a showing made by the State's Attorney. From here on the defendant contends: (1) That as a matter of law upon the expiration of four months he was entitled to a discharge as a constitutional right, because the application for the continuance was fatally defective, and the court erred in granting a continuance upon an insufficient showing; and (2) that he had preserved his rights to a discharge if the sixty days' continuance was good, even though the case went over from October 18 until October 25, upon the express application of defendant's counsel.

As pointed out in the case of *People* v. *Hartman, ante,* p. 133, filed this day, procedural matters, objections to evidence, or ordinary errors occurring during the course of the trial do not constitute denials of rights guaranteed by the constitution. The constitution guarantees everyone a trial, but does not guarantee a court will not err in conducting a trial, hence, though the case may be reversed it is not because of a denial of a constitutional right, but because of a mistake in the procedural method of enforcing that right.

Defendant asserts that if the application for continuance was improperly allowed by the court his constitutional rights have been violated. He has cited no case that a mere error of the court in exercising its discretion to grant a continuance is a violation of the constitution, nor do we believe that he can do so. Moreover, as it has been frequently held that the right of a defendant to be tried within four months of his commitment is waived when he seeks and obtains a continuance of his cause to a period beyond the four months to a time later than the four month's period in which he would be otherwise tried. (*People* v. *Stillman,* 391 Ill. 227; *People* v. *Meisenhelter,* 381 Ill. 378; *People* v. *Maniatis,* 297 Ill. 72.) The same rule would undoubtedly apply to the four months within which he is required to be tried when on bail, if a trial is demanded.

The constitutional requirement of section 9 of article II for a speedy trial has always been considered as a guarantee only against arbitrary and oppressive delays. (*People* v. *Utterback,* 385 Ill. 239; *People* v. *Maniatis,* 297 Ill. 72; *Weyrich* v. *People,* 89 Ill. 90.) In the case under consideration it is to be observed that the defendant in the first instances obtained three continuances, covering a period of over four months. It was after the third continuance, and after the cause was set down for trial, that he made his first demand for a trial, and at the termination of four months from that date demanded his discharge, after which the court granted the continuance of less than sixty days, indicated above, and while defendant was not tried upon the continued date, it was because of the application of defendant's attorney for a postponement for his own convenience, and his acquiescence in another week's postponement for the same cause upon the part of the State's Attorney.

Not only do these facts disclose no arbitrary or oppressive delays, but they do disclose that the court granted the first continuance, at the end of the four months' period, for the purpose of giving the State an opportunity to produce its witnesses, and the remaining time was either by agreement or acquiescence upon the part of the defendant or his counsel. Defendant places considerable reliance upon the case of *People* v. *Szobor,* 360 Ill. 233, which seemed to indicate that the expiration of the four months' period gave the defendant a mandatory right to discharge, but fails to point out that this case was expressly overruled in the case of *People* v. *Utterback,* 385 Ill. 239.

When all of the facts are analyzed the real objection raised by the plaintiff in error is that the court allowed the continuance from August 20, 1948, until October 18, 1948, upon an insufficient showing. The action of the court in this respect does not in any way involve the determination

of a constitutional right. It determines the right of whether the defendant shall be tried on that particular date, or at a later date if a showing for postponement is made that is satisfactory to the court, and within the time allowed by law. We cannot in this proceeding investigate as to whether or not the petition for continuance was sufficient as a foundation for a claim of a denial of a constitutional right. The defendant was on bail and at liberty, and the interests of justice would not be furthered by giving so narrow a construction to the statute, which is intended to require a trial of the defendant within a reasonable time and still give the People the opportunity to produce their witnesses, in case they have left the jurisdiction of the court, or have been induced to not appear at the trial.

The Post-Conviction Act requires the petition to state clearly a denial of a constitutional right. The petition in this case does not allege the denial of a constitutional right, but alleges that the court had improperly allowed a continuance, which improperly extended the four months' period, and this entitled the defendant to a discharge. No case has been cited by defendant in his brief which so holds, and the error, if there was one, could readily be reviewable by the ordinary processes afforded for the review of convictions in criminal cases.

As we pointed out in the *Hartman case, ante,* p. 133, the intention of the legislature was not to afford a general review of every error a prisoner who is dissatisfied with his conviction may assert, but a review only of those cases in which a substantial denial of a constitutional right has been disclosed. A constitutional right must necessarily involve a constitutional question. We have defined the latter many times in determining our jurisdiction of appeals claimed to involve a construction of the constitution. Thus, the mere assertion that there is a constitutional question involved is not sufficient. (*Dean* v. *Board of Education,* 386 Ill. 156.) So, a denial of a bill of particulars cannot

be said to raise the constitutional question of due process. (*Whittington* v. *National Lead Co.* 311 Ill. 263.) Nor can the denial of a motion for new trial or arrest of judgment be used as the foundation of questioning the constitutionality of the Bastardy Act. (*People ex rel. Ponall* v. *Wally,* 375 Ill. 33.) And a refusal to allow an amendment after judgment cannot raise a constitutional question. *People ex rel. Tinkoff* v. *Northwestern University,* 396 Ill. 233.

If a defendant is afforded the basic right of a trial, and the question arises as to whether he has waived the requirements of the statute as to the time within which he must be tried, or whether an extension of such time is allowed under the provisions of law, the decision of such questions does not involve the denial of constitutional rights, but only the manner of asserting, waiving, or enforcing them. In this case the defendant appeared by counsel. He had a trial before a jury, and he was found guilty, and the record discloses he also is now further prosecuting a review in this court of his conviction, either by writ of error or *coram nobis.*

We have gone into this matter more extensively than perhaps is necessary, because we believe that under the Post-Conviction Act it is the duty of the person claiming that he has been denied substantial constitutional rights to set them forth in his petition, so that the trial court can clearly and easily determine what constitutional issue is presented, and whether defendant's claim constitutes a denial of a constitutional right. If no constitutional issue is presented the trial court has no jurisdiction over the cause, and should refuse to entertain it because of insufficiency.

In the instant case, the court acted upon the petition and answer, denied defendant's petition, dismissed the proceeding, and necessarily decided no constitutional issue was involved. We think the action of the trial court was correct. Inasmuch as the petition and proceedings certified

from the trial court to this court do not indicate or disclose that the defendant was denied any substantial constitutional right, he is not entitled to prosecute a writ of error, as the statute provides it is only in cases where the petition discloses the denial of a constitutional right that the person imprisoned in the penitentiary is entitled to file a petition under the Post-Conviction Act.

It is accordingly our judgment that the writ of error be and the same is hereby dismissed.

*Writ of error dismissed.*