(No. 42324.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* RUFUS VAIL, Appellant.

*Opinion filed November 17, 1970.*

Schaefer and Ward, JJ., took no part.

Leah S. Hamilton, of Chicago, appointed by the court, for appellant.

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney of Chicago, (James B. Zagel and Joel M. Flaum, Assistant Attorneys General, and Robert A. Novelle and Paul P. Biebel, Jr., Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Culbertson delivered the opinion of the court:

Defendant, Rufus Vail, who was originally convicted of the crimes of rape and deviate sexual assault, here appeals from an order of the circuit court of Cook County dismissing his petition for relief under the Post-Conviction Hearing Act. Ill. Rev. Stat. 1967, ch. 38, par. 122—1 *et seq.*

Pertinent facts disclose that the judgment of conviction was affirmed on appeal to the appellate court, wherein defendant contended that he had not been proved guilty beyond a reasonable doubt, for the reason that the testimony of the prosecutrix was unbelievable and self-contradictory and contradicted by police officers, whereas his own testimony was reasonable and corroborated. (*People v. Vail,* 74 Ill. App. 2d 308, 309.) Thereafter, defendant filed his petition for post-conviction relief. It was, however, devoid of allegations that defendant had suffered a substantial denial of constitutional rights and, in substance, did no more than

to repeat the contentions of error, going to the sufficiency of the evidence and the credibility of witnesses, already raised and decided in the appeal to the appellate court.

On the record it is clear that the petition was properly dismissed. Not only were the matters advanced therein *res judicata* by virtue of their determination on the prior appeal (*People v. Derengowski,* 44 Ill.2d 476; *People v. Kamsler,* 40 Ill.2d 532), but its allegations were insufficient to invoke relief under the Post-Conviction Hearing Act. A proceeding under the Act is not an appeal, but is a new proceeding for purposes of inquiring into constitutional phases of the original conviction which have not already been adjudicated. (*People v. Collins,* 39 Ill.2d 286; *People v. Wakat,* 415 Ill. 610.) It is limited to a consideration of constitutional claims and does not afford a procedure for a redetermination of guilt or innocence. *People v. Ashley,* 34 Ill.2d 402; *People v. Jennings,* 411 Ill. 21.

Counsel appointed to represent defendant on this appeal, faced with a difficult task, has advanced arguments that the admission of the testimony of two police officers, to which no trial objection was made, deprived defendant of due process of law and of his constitutional right to confront his accusers. These contentions, however, are beyond the scope of the allegations of the petition. They were not raised and presented in any manner in the post-conviction proceeding below, and accordingly are not properly before us for review. (*People v. Nischt,* 23 Ill.2d 284.) But to forestall any charge that counsel who represented defendant below was incompetent for not raising such claims, we are constrained to point out that they are without merit.

The claim of a denial of due process is bottomed on the premise that the testimony of the officers in question was hearsay; however, even if it be assumed, *arguendo,* that error in the admission of evidence could give rise to a claim of the denial of a constitutional right (see *People v. Farley,* 408 Ill. 288, 292), the hearsay premise is refuted by the

record of the original bench trial. Indeed, it reflects to the contrary that the trial court was alert to hearsay, and permitted the officers to testify only to the conversations they had with the prosecutrix in defendant's presence.

To support the claim of a denial of the right to confront and cross-examine his accusers, defendant relies upon cases where, due to the absence of witnesses at the time of trial, prior testimony given at preliminary hearings was admitted at the trial. (*E.g., Pointer* v. *Texas* (1965), 380 U.S. 400, 13 L. Ed. 2d 923, 85 S. Ct. 1065; *Barber* v. *Page* (1968), 390 U.S. 719, 20 L. Ed. 2d 255, 88 S. Ct. 1318.) Those decisions and the constitutional principle which they advance have no application or persuasion here. All the witnesses against defendant testified directly against him at his trial and defendant was given a complete and adequate opportunity to cross-examine them.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

SCHAEFER and WARD, JJ., took no part in the consideration or decision of this case.