THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ARRON FARLEY, a/k/a AARON FARLEY, Defendant-Appellant.

(No. 54369;

First District—March 25, 1971.

Gerald W. Getty, Public Defender, of Chicago, (James N. Gramenos, Assistant Public Defender, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Martin Moltz, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Defendant, Arron Farley, also known as Aaron Farley, appeals from a conviction of a jury trial of the crimes of aggravated kidnapping, rape and robbery. He was sentenced to terms of from 20 to 45 years for both the aggravated kidnapping and the rape and from 15 to 20 years for the robbery. These sentences were to be served concurrently with each other, but consecutively with a 3 to 5 year sentence in the Michigan State Penitentiary. Defendant appeals claiming that he was denied adequate representation of counsel. He also requests that the sentence be served concurrently rather than consecutively with the Michigan sentence.

We affirm the conviction and further direct that the sentences be served concurrently with the Michigan sentence.

There is no question raised that the evidence presented did not adequately prove the defendant guilty beyond a reasonable doubt of all the crimes charged. It is, therefore, not necessary to review the facts.

■■ In order to establish inadequacy of representation of counsel, "* * * the defendant must clearly establish: (1) actual incompetence of counsel, as reflected by the manner of carrying out his duties as a trial attorney; and (2) substantial prejudice resulting therefrom, without which the outcome would probably have been different." *People v. Morris,* 3 Ill.2d 437, 449, 121 N.E.2d 810, 817 cited in *People v. Georgev,* 38 Ill.2d 165, 169, 230 N.E.2d 851, 854.

■■ The first contention is that the defense counsel did not properly prepare an alibi defense in that he did not bring Mrs. Farley, defendant's wife, into court to testify. This contention is without merit. First, there is no showing in the record of what alibi defense Mrs. Farley could in fact provide; second, trial counsel twice tried to contact Mrs. Farley by sending her letters by registered mail which were never received; and third, the defendant himself did not know of what his alibi defense would consist.

The defendant also included a Mr. Steiner as one who might provide an alibi for him. Mr. Steiner operated cleaning establishments on the West Side, and at one time the defendant's wife was employed by him.

The day after the defendant testified, his counsel, the Public Defender, brought Mr. Steiner into court. Steiner made a statement for the record wherein he indicated that the date in question was years earlier, that the defendant's wife had worked for him at one time, and that once in a while the defendant would come in to pick up his wife.

Mr. Steiner also stated for the record that he would not be able to recognize the defendant on the street and that he could not remember anything about the date in question, November 14, 1966. He was not

called as a witness for the defendant after it was ascertained by counsel and the court that his testimony was of no value to the defendant.

The defendant was sentenced to terms of from 20 to 45 years for aggravated kidnapping and rape, and from 15 to 20 years for robbery. We feel that the ends of justice will best be served if the sentences imposed shall run concurrently with the sentence imposed in Michigan. Supreme Court Rule (615) (b), Ill. Rev. Stat. (1967) ch. 110A, par. 615 (b).

As modified, the judgment is affirmed.

McNAMARA, P. J., and DEMPSEY, J., concur.