THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* RUDOLPH L. LUCIEN, Petitioner-Appellant.

(No. 61552; ▮▮▮▮▮▮▮▮▮▮▮)

First District (5th Division)—November 14, 1975.

Charles W. Nixon, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Michael J. Polelle, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

Defendant was convicted in a jury trial of two counts of attempt murder, two counts of aggravated battery and one count of attempt armed robbery. Sentence was imposed of ten to twenty years on each count of attempt murder and three years four months to ten years for attempt armed robbery. His conviction was affirmed on appeal. (*People v. Lucien,* 14 Ill.App.3d 289, 302 N.E.2d 371.) This case comes to use as an appeal from a denial of defendant's petition for post-conviction relief. The only issue presented is whether his conviction must be reversed in light of *Wardius v. Oregon,* 412 U.S. 470, 37 L.Ed.2d 82, 93 S.Ct. 2208. *Wardius* held that a statute requiring a defendant to disclose his alibi witnesses while exempting the State's rebuttal witnesses from discovery was unconstitutional.

This case arose when two women were shot on September 5, 1969, at about 11 A.M. during an abortive robbery attempt on the bakery shop in which they were working. Both women positively identified defendant

as their assailant from police photographs, lineups and at trial. Defendant claimed that he was in New York City at the time of the shooting and produced an alibi witness who stated defendant was with her during that entire day. In rebuttal, the prosecution called a witness, Patrick Baio, who had been excluded from testifying during the prosecution's case in chief when the trial judge denied as untimely the State's motion to add him to their list of witnesses. Over objection, he was permitted to testify, and he stated that on September 5, 1969, at about 12:20 P.M., he had helped chase defendant from the scene of another robbery in the same general area of the occurrence involved in the instant case. He saw defendant escape in a car and recorded the license number as PN-9090. It was established that a similar license number (PY-9090) had been issued to defendant.

We are concerned here with sections 114—9 and 114—14 of the Code of Criminal Procedure. (Ill. Rev. Stat. 1969, ch. 38, pars. 114—9 and 114—14.) Subsection (a) of the former requires the State to provide a list of prosecution witnesses, but subsection (c) exempts rebuttal witnesses. Section 114—14 requires a defendant to file a notice in writing providing specific information concerning his alibi, together with the names and addresses of alibi witnesses.

It appears that defendant complied with section 114—14 and that the State provided the list of witnesses required by section 114—9(a) but, because of the 9(c) exemption, it did not give the name of Baio as a rebuttal witness. Thus, defendant contends that he was taken by surprise when the court allowed Baio to testify and, under the rationale of *Wardius*, he argues that the alibi defense statute was unconstitutional insofar as it exempted the listing of the State's rebuttal witnesses.

The State does not contest this argument. It urges that *Wardius* should be given only prospective effect and particularly so in the instant case, where defendant's trial and appeal were concluded prior to the decision. Alternatively, the State contends that even if *Wardius* is given retrospective application, defendant's conviction should not be reversed because the failure to provide him with notice of the alibi rebuttal witness was harmless error.

In support of its position of prospectivity, the State argues that the ruling in *Wardius* "was a surprise not foreshadowed by other decisions" and thus, because law enforcement officials had justifiably relied on pre-*Wardius* standards, a severe burden would be placed on the criminal justice system by a retroactivity ruling. While we do not find it necessary to rule upon the retrospective application of *Wardius*, it is important to point out certain implications contrary to that argument of the State.

*Williams v. Florida*, 399 U.S. 78, 26 L.Ed.2d 446, 90 S.Ct. 1893, cited

by the State as the basis for its "reliance" argument, in fact does foreshadow *Wardius.* In *Williams,* the court upheld the constitutionality of the Florida notice of alibi statute but noted that the constitutionality of such statutes might depend on "whether the defendant enjoys reciprocal discovery against the State." (399 U.S. 78, 82 n. 11, 26 L.Ed.2d 446, 450 n. 11, 90 S.Ct. 1893, 1896 n. 11.) Thus, *Williams* clearly foreshadowed *Wardius* and dilutes the State's contention that the latter holding came as a surprise.

The State's argument in this regard is further weakened by recent Illinois cases, which imply a retrospective application. In *People v. Fields,* 59 Ill.2d 516, 322 N.E.2d 33, the Illinois notice of alibi defense statute (section 114—14 of the Code of Criminal Procedure) was held to be unconstitutional. This opinion was after *Wardius,* and the case concerned a robbery which occurred two years before *Wardius* was brought to trial. Similarly, in *People v. Cline,* 60 Ill.2d 561, 328 N.E.2d 534, defendant's conviction was affirmed by the appellate court and leave to appeal was denied. On *certiorari,* the United States Supreme Court vacated the judgment and remanded it for further consideration in light of *Wardius.* (*Cline v. Illinois,* 414 U.S. 970, 38 L.Ed.2d 214, 94 S.Ct. 295.) On remand, the appellate court held the Illinois alibi defense statute to be unconstitutional under *Wardius,* even though the conviction was based on a charge which antedated *Wardius* by three years.[1] See also *People v. Smith,* 32 Ill.App.3d 343, 336 N.E.2d 563, where *Wardius* was implicitly made retrospective.

However, all of the above cited decisions involved direct appeals, and it will not be necessary in the instant case to reach the question of the retrospective applicability of *Wardius* in this post-conviction appeal because we find that defendant was not prejudiced by the fact that Baio was permitted to testify as an alibi rebuttal witness. Although the trial judge's ruling would be error under a retrospective *Wardius,* even errors of a constitutional dimension do not compel reversal of a conviction if the error was harmless beyond a reasonable doubt. *Harrington v. California,* 395 U.S. 250, 23 L.Ed.2d 284, 89 S.Ct. 1726; *Chapman v. California,* 386 U.S. 18, 17 L.Ed.2d 705, 87 S.Ct. 824.

As the trial judge noted at the hearing on the petition for post-conviction relief, defendant had been apprised of the fact that the State could call Baio as a witness to establish defendant's presence in Chicago on the date in question. Defendant had received a list of witnesses, including Baio, in an indictment for another robbery on the same date in the

---

[1] The State was granted leave to appeal by the Illinois Supreme Court but raised only the argument that the improper exclusion of the alibi witness was harmless error.

same neighborhood. Thus, it does not appear likely that he was surprised when Baio appeared as an alibi rebuttal witness in the instant case. Defendant was well aware that Baio was a potential witness who could rebut his claim that he was in New York City on the date in question. In view thereof, and in the light of the fact that positive identifications of defendant were made by the two women who were shot, we believe that even though it may have been error to allow Baio to testify, it was harmless beyond a reasonable doubt.

We affirm the judgment of the trial court, denying defendant's post-conviction petition.

Affirmed.

BARRETT, P. J., and DRUCKER, J., concur.