THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* ARRON FARLEY, a/k/a Aaron Farley, Petitioner-Appellant.

First District (2nd Division) No. 61965

Opinion filed March 23, 1976.

Elliot M. Samuels, of Chicago (Michael Kreloff, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Kevin Sweeney, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Arron Farley a/k/a Aaron Farley, hereinafter called petitioner, appeals from the dismissal without an evidentiary hearing of his amended post-conviction petition filed pursuant to the Illinois Post-Conviction Hearing Act (Ill. Rev. Stat. 1973, ch. 38, par. 122-1 *et seq.*). The sole issue on appeal is whether the trial court properly dismissed the amended post-conviction petition without an evidentiary hearing.

On May 22, 1969, petitioner was found guilty by a jury of the crimes of aggravated kidnaping, rape and robbery, and sentenced to terms of from 20 to 45 years for aggravated kidnaping and rape, and from 15 to 20 years for robbery. The sentences were to be served concurrently with each other, but consecutively with a 3- to 5-year sentence in the Michigan State Penitentiary. On direct appeal the convictions were affirmed but the sentences were amended to run concurrently with the sentence imposed in Michigan. *People v. Farley* (1st Dist. 1971), 132 Ill. App. 2d 663, 270 N.E.2d 174.

Petitioner filed a *pro se* post-conviction petition. Appointed private counsel filed an amended post-conviction petition in which it was alleged:

"(1) That the trial judge violated petitioner's constitutional rights when, in response to the jury's request for a transcript of petitioner's testimony, the court, without exercising its discretion, refused to provide the jury with the transcript;

(2) That petitioner's constitutional rights were violated when neither trial or appellate counsel objected or raised the transcript question issue at trial on appeal."

Petitioner also filed a motion for substitution of judges alleging that the judge in the post-conviction proceedings was the judge at petitioner's original trial and was the judge who refused to allow the jury's request to

have the petitioner's testimony reread to the jury; that said judge may be a witness in the post-conviction proceedings; that said judge had knowledge of matters outside the record of the original trial which would be material and essential to the issues raised in the amended post-conviction petition; and that said judge should recuse himself from the post-conviction proceedings in which he may be a potential witness or in which he had knowledge *dehors* the record.

The record discloses that after the jury began deliberations at petitioner's trial, the jury returned to the courtroom and the foreman asked the trial judge if the jury could "get a copy" of petitioner's testimony. The court said, "We don't have a copy of it." After an off-the-record conference with counsel, the court told the jury that "we have taken your question under advisement and find there isn't any provision of law that enables us to give you a transcript" which is not available; that the jury heard the testimony; and that it was up to the "jurors to straighten out any discrepancies in the evidence". The foreman then stated, "Thank you, your Honor. I think that clarifies it."[1]

On November 6, 1974, a hearing was held on the amended post-conviction petition and the motion to dismiss filed thereto. The trial judge sustained the motion to dismiss and denied the motion for a substitution of judges.

# I

The petitioner argues that he was deprived of effective assistance of counsel at his trial and on his direct appeal because his counsel failed to argue that the trial court's refusal to allow the jury to review petitioner's trial testimony deprived the petitioner of a fair trial.

■■ The State argues that the foregoing issue should be deemed waived because it was not raised in petitioner's direct appeal. (*People v. Smith* (1st Dist. 1974), 22 Ill. App. 3d 661, 663, 318 N.E.2d 350.) However, the waiver rule may be relaxed when fundamental fairness so indicates. (*People v. Walker* (1st Dist. 1972), 6 Ill. App. 3d 909, 286 N.E.2d 812.) In *People v. Ikerd* (1970), 47 Ill.2d 211, 265 N.E.2d 120, the Illinois Supreme Court, in a post-conviction proceeding, held that the strict application of *res judicata* would not apply "where the right relied on has been recognized for the first time after the direct appeal." However, the court did

---

[1] The court will take notice of the practical problems involved pertaining to court reporters in the Criminal Branch of the circuit court of Cook County, Illinois. The official court reporters are drawn from a common pool. This results in the probability that during the progress of a trial a different reporter may be assigned to the courtroom than the court reporter who took the prior testimony adduced during the trial. This makes it impossible or extremely difficult for the court and counsel to have readily available for review the transcript of previous testimony, especially after all evidence has been given, after the court reporter has left the courtroom and after the jury has begun its deliberations.

sustain the trial court's action in dismissing the post-conviction petition without a hearing on the ground it was not error for trial counsel to fail to tender an instruction that an oral confession of a co-defendant may be considered by the jury only as to that co-defendant when the co-defendant denied ever having made such a confession. In *People v. Strader* (1967), 38 Ill.2d 93, 230 N.E.2d 569, the Illinois Supreme Court, in a post-conviction proceeding, held that it was improper for the trial court to dismiss the post-conviction petition on the ground of *res judicata* where the United States Supreme Court in *Jackson v. Denno* (1963), 378 U.S. 368, 12 L.Ed.2d 908, 84 S.Ct. 1774, determined it was error not to hold a hearing on the alleged confession. The court, relying on *Boles v. Stevenson* (1964), 379 U.S. 43, 13 L.Ed.2d 109, 85 S.Ct. 174, also held that the *Denno* decision applied retroactively and, therefore, its previous decision in *People v. Strader* (1961), 23 Ill.2d 13, 177 N.E.2d 126, was not binding. It remanded the cause to the trial court for a hearing on the post-conviction petition. As hereinafter discussed, the basis of petitioner's claim is predicated upon case law which developed after affirmance of his conviction on direct appeal. Under the circumstances of this case, the doctrine of waiver should be relaxed. See *People v. Smith* (1st Dist. 1974), 22 Ill. App. 3d 661, 318 N.E.2d 350.

## II

## A

Petitioner relies upon the Illinois Supreme Court cases of *People v. Pierce* (1974), 56 Ill.2d 361, 308 N.E.2d 577, and *People v. Queen* (1974), 56 Ill.2d 560, 310 N.E.2d 166, respectively, decided in January and March, 1974. These decisions were rendered about three years subsequent to the decision by this court of petitioner's direct appeal in March, 1971 (*People v. Farley* (1st Dist. 1971), 132 Ill. App. 2d 663, 270 N.E.2d 174). In the *Pierce* case, the court held for the first time that a trial judge should exercise "discretion" in considering a jury's request to review testimony of certain witnesses after it had commenced its delibertions. In the *Queen* case, the court held that it was error for a trial court to refuse to exercise discretion in the erroneous belief that it had no discretion to consider the jury's request for a review of the defendant's testimony after the jury began deliberations. (Also see *People v. Autman* (1974), 58 Ill.2d 171, 317 N.E.2d 570.) On the other hand, it has been held that it was not error where counsel agreed or failed to object to the action of the trial judge in refusing the jury's request to review certain testimony. *People v. Virgin* (1st Dist. 1973), 9 Ill. App. 3d 902, 293 N.E.2d 349; *People v. Matthews* (3d Dist. 1974), 21 Ill. App. 3d 249, 314 N.E.2d 15; *People v. Taylor* (1st Dist. 1974), 25 Ill. App. 3d 396, 323 N.E.2d 388.

It should be noted that in both the *Strader* and *Ikerd* cases, the issue

involved was the constitutional right of the defendant to object to the use of a confession and to have a fair hearing and determination upon the issue of the voluntariness of his confession, uninfluenced by the truth or falsity of its substance. Since a constitutional question was raised in the *Strader* and *Ikerd* cases, the court held that the post-conviction petitions were legally sufficient. Therefore, in the case at bar, it is necessary to determine if the amended petition raised a constitutional question.

In *People v. Farley* (1951), 408 Ill. 288, 96 N.E.2d 453, defendant (not the petitioner in the present case) filed a post-conviction petition in which he contended that he was denied a substantial constitutional right to a speedy trial contrary to the provisions of section 9 of article II of the 1870 Illinois Constitution. The Supreme Court held that although the right to a speedy trial is a constitutional requirement, it has always been considered as a guarantee only against arbitrary and oppressive delay. The court also held that procedural matters, objections to evidence, or ordinary errors occurring during the course of the trial, do not constitute denials of right guaranteed by the constitution saying:

> "As pointed out in the case of *People v. Hartman* [408 Ill. 133], filed this day, procedural matters, objections to evidence, or ordinary errors occurring during the course of the trial do not constitute denials of rights guaranteed by the constitution. The constitution guarantees everyone a trial, but does not guarantee a court will not err in conducting a trial, hence, though the case may be reversed it is not because of a denial of a constitutional right, but because of a mistake in the procedural method of enforcing that right." 408 Ill. 288, 292.

In the case at bar, it is apparent that the trial court's refusal to allow the jury to review the petitioner's trial testimony was, at most, merely an error in conducting a trial and hence, although the case might have been reversed on direct appeal, it was not a denial of a constitutional right but rather a procedural mistake by the trial court.

The *Pierce* and *Queen* cases were direct appeals from the judgments of the trial court. In neither case did the Illinois Supreme Court state that a constitutional question was involved when the trial court refused a jury's request for a review of testimony because the trial court was of the opinion that it had no right to grant the request. It would appear that the Illinois Supreme Court considered the issue as procedural rather than constitutional. *Cf. People v. Ellis* (1973), 53 Ill. 2d 390, 394, 292 N.E.2d 728; *People v. Wills* (1975), 61 Ill. 2d 105, 111, 330 N.E.2d 505; *People v. Yepsen* (3d Dist. 1975), 30 Ill. App. 3d 484, 487, 333 N.E.2d 565.

Moreover, petitioner is not entitled to an evidentiary hearing as a matter of right, since the dismissal of a nonmeritorious petition on motion is within the contemplation of the Post-Conviction Hearing Act and is

necessary to the orderly and expeditious disposition of such petition. (*People v. Collins* (1968), 39 Ill. 2d 286, 235 N.E.2d 570; *People v. Funches* (1st Dist. 1972), 9 Ill. App. 3d 372, 292 N.E.2d 187; *People v. Payne* (1st Dist. 1972), 16 Ill. App. 3d 83, 305 N.E.2d 700.) Before a petitioner is entitled to an evidentiary hearing, he must, in his petition, plead factual allegations which, if true, show that constitutional rights were violated and if he does not, his post-conviction petition may be dismissed without a hearing. (*People v. Barkan* (1st Dist. 1975), 30 Ill. App. 3d 305, 332 N.E.2d 527.) After examination of the amended post-conviction petition, we conclude that it fails to allege a substantial deprivation of a constitutional right.

### B

■■■ Petitioner, however, argues that the trial judge's refusal to allow the jury to review petitioner's trial testimony deprived him of a fair trial.[2] The trial judge, in his discretion, has a legal right to refuse the jury's request to review the petitioner's trial testimony after the jury has retired for deliberations, provided that the trial judge exercised his discretion. (*People v. Autman* (1974), 58 Ill. 2d 171, 317 N.E.2d 570.) Here the record indicates that the trial judge did exercise his discretion. He told the jury that a transcript of petitioner's testimony was not available. He held an off-the-record conference with counsel and then advised the jury it was their duty "to straighten out any discrepancies in the evidence." It is true that at the post-conviction hearing held on November 6, 1974, more than five years after the trial, that the trial judge said, "I didn't exercise any discretion." However, a reading of the court's complete statement clearly indicates he stated he had no discretion to furnish the jury with the testimony of the petitioner because it was not available and not that he did not exercise discretion in reaching his decision not to furnish the testimony of the petitioner to the jury. Contrary to petitioner's contention, the record shows that the trial judge did exercise his discretion in denying the jury's request for the testimony of the petitioner. Further, the allegations of the amended post-conviction petition are mere conclusions of the pleader and are not factual allegations which show that his constitutional rights were violated. *People v. Barkan* (1st Dist. 1975), 30 Ill. App. 3d 305, 332 N.E.2d 527.

---

[2] Petitioner states:
   "In the instant case, the jury was not questioned and no facts were elicited by either party which could have assisted the court. The court's decision was based solely upon a misapprehension of the law and not upon the reasonableness of the jury's request. This procedure deprived the petitioner of a fair trial and violated his right to due process of law."
   If a procedure was utilized whereby the trial court "questioned" the jury as petitioner suggests, this action could have given rise to a claim that the trial court improperly influenced the jury's verdict. See *People v. Santucci* (1962), 24 Ill. 2d 93, 98, 180 N.E.2d 491; *People v. Rohwedder* (5th Dist. 1967), 78 Ill. App. 2d 211, 223 N.E.2d 1.

## C

Alternatively, even assuming petitioner was deprived of a constitutional right when the trial court would not provide the jury with a copy of petitioner's testimony, we do not believe such deprivation requires reversal of the trial court's dismissal of petitioner's post-conviction petition. It has been recognized that post-conviction proceedings are not intended to afford an opportunity for a redetermination of guilt or innocence. (*People v. Vail* (1970), 46 Ill. 2d 589, 264 N.E.2d 201.) However, we note that in extraordinary circumstances, our Supreme Court has reviewed the evidence used to determine guilt when considering the propriety of post-conviction relief. *People v. Moore* (1975), 60 Ill. 2d 379, 327 N.E.2d 324.

Petitioner's claim for relief relating to the production of a transcript of his testimony is principally predicated on decisions of the Illinois Supreme Court which were filed three years after disposition of his direct appeal. We are of the opinion that this feature furnishes a sufficient basis to conclude that extraordinary circumstances exist as in *People v. Moore*, thereby allowing review of the evidence presented at trial to establish petitioner's guilt.

In this case, the victim had an excellent opportunity to view her assailant when she was abducted and after the sexual assault. She positively identified the petitioner as her attacker. The description to the police indicated the attacker had a mustache and goatee beard and was missing several front teeth. Petitioner admitted that he had a mustache and he had a goatee beard on occasion. He further said that at the time of the attack he was missing many teeth.

The victim also said her attacker had told her that he took the day off from work to commit the offenses. Employment records were introduced to establish that petitioner was absent from work on the day of the assault.

The victim unequivocally identified the car used in her abduction which police discovered in the parking lot of petitioner's employer. This car did not have a left front fender. The vehicle registration was listed in the name of one, John Farley, who resided at 3845 Washington in Chicago. It was stipulated that petitioner was also known as John Farley and the evidence disclosed he had resided at the aforesaid address.

Petitioner denied committing the offenses. He said he had been in the vehicle used in the crimes, but only when he was driven to work by John Farley on several instances.

In rebuttal, Sergeant Hugh Carroll testified he had issued a traffic citation to John Farley, whom he identified as petitioner, in July, 1966. This officer identified the Farley vehicle as that used in the crimes.

We have fully reviewed the record in this case. Even if the action of the trial court in refusing to provide a transcript of petitioner's testimony after it had commenced deliberations should be construed as an error of consti-

185

tutional magnitude, in view of the overwhelming evidence of guilt, such error was harmless. *Chapman v. California* (1966), 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824; *People v. Lucien* (1st Dist. 1975), 34 Ill. App. 3d 161, 340 N.E.2d 65.

■■   The record does not disclose that the petitioner was denied effective assistance of counsel at his trial and on his direct appeal or that he was denied any substantial constitutional right. The trial court properly dismissed the amended post-conviction petition without an evidentiary hearing.

Accordingly, it is not necessary for this court to determine whether the trial court erred in denying petitioner's motion for a substitution of judges.

The judgment of the trial court is affirmed.

Judgment affirmed.

STAMOS, P. J., and JIGANTI, J., concur.